[Nos. 1122, 1123, February 27, 1907.]

TERRITORY OF NEW MEXICO ex rel. BIRD S. COLER and E. T. CHAPMAN, Petitioners, Appellees, v. THE BOARD OF COUNTY COMMISSIONERS OF SANTA FE COUNTY, Appellants.

### SYLLABUS.

1. Relators, having recovered judgments against defendant in 1900, the court ordered defendant to levy on the taxable property of the county a special tax sufficient to pay the judgments, with interest and costs. In January, 1901, defendant levied a tax of 82 mills sufficient for that purpose. No part of the judgments having been paid, however, in August, 1905, when a large amount of interest had accrued, the court ordered the levy of a special tax of 10 mills to be applied to the payment of such judgment. Held, that such tax was not invalid on the ground that the 82-mill levy was sufficient to pay the amount of the judgments, etc.

2. Where, after the rendition of certain judgments

Territory v. County Commissioners.

against a county, the court directed a levy of 82 mills for the payment thereof, but no part of the judgments, interest, or costs were paid from such levy, and interest accrued for a period of more than four years thereafter, a further peremptory mandamus, directing a continuing levy of 20 mills from year to year, until the entire judgment, principal and costs were paid, was objectionable, and should be so modified as to direct the levy of two 10-mill assessments for each year until the interest accruing on the judgments since their rendition was paid.

3. Laws 1903, p. 30, c. 20, provides that any portion of a county owing a bonded debt, which shall be segregated, shall not be released from its obligation to contribute its just proportion to the payment of such debt, but that the assessment, levy, and collection of such proportion shall be on the order of the old county, by the officers of the new, and that the money collected shall be paid into the treasury of the old county. Held that, where certain territory was segregated from defendant county after certain judgments had been rendered against it, the latter had power to compel contribution from other counties containing the segregated territory, in proportion to the amount of taxable property received, as provided by such an act.

4. Where judgments were rendered against a county on certain county bonds, an attack made by the county on the validity of the bonds, in a mandamus proceedings to compel payment of the judgments, was collateral and unavailable.

Appeal from the District Court for Santa Fe County, before JOHN R. McFIE, Associate Justice. Affirmed as modified.

E. C. ABBOTT, District Attorney, and A. B. RENEHAN, for Appellants.

A peremptory writ of mandamus will not lie in any matter requiring the exercise of official judgment and discretion. It will be used to set the official in motion, where his discretion and judgment are required and force him to exercise his function according to some discretion when he has refused to act at all. 2 Spelling Ex. Rem., secs. 1432-1434, 1437.

The court can so far inquire into a judgment rendered against a county as to ascertain if the claim is legally payable out of taxes sought to be applied to its payment. A claim against a county merged into judgment, carries with it into its altered state all the infirmities of want of authority in the county commissioners to levy a tax to pay such claim. If the county commissioners have no authority to levy a tax to pay a claim against a county, they have no authority to levy a tax to pay a judgment resting on such a claim. Railroad Companies v. Territory of New Mexico, 72 Pacific 14; Brownsville v. Loague, 129 U. S. 505; Compiled Laws, 1897, sec. 343.

The objection that a complaint does not state facts sufficient to constitute a cause of action is not waived by failure to plead by answer or demurrer, even though opportunity to answer or demur has been given the respondent. Laws of 1905, chapter 14, section 6; Code of Civil Procedure, sub-section 39.

The writ of mandamus is not adapted to cases calling for continuous action, varying according to circumstances and will not be granted in anticipation of a defect of duty or error in conduct. Spelling's Ex. Rem., secs. 1385, 1437 and 1443.

In every case of an application for a writ of mandamus based upon private interest, a prior demand upon an officer should be alleged and proven. Spelling Ex. Rem., secs. 1381, 1447; Conklin v. Cunningham, 7 N. M. 445 (distinguished.)

If the collector negligently or wilfully fails or refuses to collect any of the taxes, the penalty under the general law is on his bond. Compiled Laws of 1897, sec. 4062; Laws 1899, ch. 22, sec. 9.

If the tax the collector refuses or fails to collect arises under the funding act of 1891, then the procedure and penalty is by the court to appoint a person to perform the duty. Compiled Laws 1897, section 343; Bass v. Taft, 137 U. S. 752; ex Parte Rowland, 104 U. S. 615.

Where the facts are disputed, a peremptory writ can

Territory v. County Commissioners.

not issue in the first instance.   13 Enc. Pl. & Pr. 772, .775, note 3; Bass v. Taft, 137 U. S. 752; State v. Goodfellow, 1 Mo. App. 145.

The security is joint, not specific, to-wit, all the taxable property of the County of Santa Fe as it was at the date when the indebtedness came into being prima facie, and the counties of Rio Arriba and Torrance were necessary parties to a complete determination of the case. Civil Code, sub-sections 5, 6, 7, 175; Laws 1905, chapter 114, section 6; Laws of 1903, chapters 20, 24 and 70; State v. Burkhart, 59 Mo. 75 (distinguished.)

Chapter 30, of the Congressional Acts of 1897, 29 Stats. at Large, 488, is not sufficiently specific to validate the bonds which are the basis of the judgment herein. Lewis v. Pima County, 155 U. S. (L. Ed.) 67; Coler v. Board of County Commissioners, 6 N. M. 88 (distinguished); Utter v. Franklin, 172 U. S. (L. Ed.) 498; Compiled Laws 1897, secs. 340 et seq.

The right to levy a tax to pay the judgments depends upon the right to levy a tax to pay the bonds or their coupons.   Lewis v. Pima Co., 155 U. S. (L. Ed.) 67; Brownville v. Loague, 129 U. S. 505; U. S. v. New Orleans, 98 U. S. 381, 395 (distinguished).

Courts will take judicial notice of the laws governing public officers, but not of the manner or result of the execution of those laws by the officers.   Canal Co. v. Railroad Co., 4 Gill. & J. (Md.) 1; Thompson v. San Antonio, etc. Rd. Co. 32 S. W. 427; 4 Wigmore Ev., sec. 2577; 17 Enc. L., 2nd Ed., pp. 898, 916, 918; Williams v. Langeirin, 4 Minn. 180.

Cumulative levies are not authorized.   East St. Louis v. Zebley, 110 U. S. 324; Coy v. Lyons City, 17 Ia. 1, and Palmer v. Jones, 49 Ia. 405-409, (distinguished); First National Bank v. Martin, 52 Pacific 580 (distinguished).

Legislation which impairs the obligation of the contract, in no matter how small a degree, is null.   Seibert v. Lewis, 122 U. S. 290; Van Hoffman v. City of Quincy, 4 Wall. 535; Ex parte Folsom, 131 Fed. 504; Wolff v. New Orleans, 103 U. S. 365; Butz v. Muscatine, 8 Wall.

584; Mobile v. Watson, 116 U. S. 305; U. S. v. Justices, 5 Dill. 184; Shapleigh v. San Angelo, 167 U. S. 656; Mt. Pleasant v. Beckwith, 100 U. S. 520; Laramie County v. Albany County, 92 U. S. 307 (distinguished).

Limitation of the taxing power. The Board of County Commissioners v. King, 67 Fed. 205.

C. A. SPIESS and S. B. DAVIS, Jr., for Appellees.

The merits of the controversy on which the judgments were rendered can not be inquired into in proceedings for a writ of mandamus to enforce the judgment. U. S. v. New Orleans, 98 U. S. 381, 395.

A peremptory writ of mandamus may be issued in the first instance "when the right to require the performance of the act is clear and it is apparent that no valid excuse can be given for not performing it." Compiled Laws 1897, sections 2764 and 657.

It is no more difficult for a court to know judicially the assessed valuation of a county than to know its population. Worcester National Bank v. Cheney, 94 Ill. 430; State v. Braskant, 87 Ia. 588; Stratton v. Oregon City, 35 Or. 409, 60 Pacific 905; Railroad and Tel. Co. v. Board of Equalizers, 85 Fed. 302, 308; Coy v. Lyons City, 17 Iowa 1; Palmer v. Jones, 49 Iowa 405, 409.

A demand is never necessary when it is evident that it would not be complied with, nor in cases affecting public officers or duties, omission or neglect under such circumstances being equivalent to refusal. Conklin v. Cunningham, 7 N. M. 445, 446.

Until the levy is made in Santa Fe County, the authorities of the other counties to which parts of Santa Fe county claimed to be subject to the levy, were annexed, the authorities of the other counties are under no obligation to take any action whatever. Laws 1903, Chapter 20; Laramie County v. Albany County, 92 U. S. 307.

It affords no excuse for a partial performance of the duty that the municipal authorities have levied and collected a portion of the tax. The duty of levying a municipal tax in satisfaction of a judgment against the corporation is a continuing duty. High Extraordinary Legal Reme-

dies, par. 379; First National Bank v. Martin et al., 52 Pacific 580; Soutter v. Common Council, 15 Wis. 30.

It was within the discretion of the court either to direct a levy sufficient to pay the judgments in one year, or to direct levies for successive years until they were satisfied. Palmer v. Jones, 49 Iowa 405; First National Bank v. Martin, 52 Pacific 580; Coy v. City Council, 17 Iowa 1.

## OPINION OF THE COURT.

PARKER, J.—On September 24, A. D. 1900 relators recovered judgment against appellant in two separate actions upon interest coupons past due and unpaid upon certain outstanding bonds of appellant and in the sum of $60,926.02 and $74,358.17, respectively. In and by said judgments it was ordered by the court that the appellant levy upon all of the taxable property in said county a special tax sufficient to raise the amount of said judgments, together with interest thereon until paid, and together with costs. On February 7, 1901, the appellant levied on all the taxable property of the county a special tax for the payment of said judgments, interest and costs at the rate of eighty-two mills on the dollar and determines that this rate of levy was necessary to produce the aggregate amount of such judgments, interest and costs. Appellant has paid no portion of said judgments. On August 22, 1905, a petition for a peremptory writ of mandamus was filed in the court below by appellees to compel appellants to levy a special tax of ten mills upon each dollar of all taxable property in the county to be applied to the payment of each of said judgments. The court without hearing awarded a peremptory mandamus as prayed. Thereafter appellant on August 26, 1905, filed in said causes a petition alleging, that at the date of the rendition of said judgments, on September 24, 1900, all of the property subject to taxation within the then county of Santa Fe was subject to the payment of its pro rata of said judgments; that the Thirty-fifth Legislative Assembly of New Mexico segregated a portion of Santa Fe County and attached same to the county of Rio Arriba and another portion of said county and attached the same to the county of Tor-

rance; that all of said portions so segregated were still liable and subject to their proportion of said indebtedness; that said peremptory mandamus included only the property within the present boundaries of Santa Fe County and not the portions theretofore segregated; reciting the former mandatory order of the court upon appellant and the compliance therewith; that said former levy was still existing and a lien upon taxable property of the county; that said former levy was ample and sufficient to cover the amount of said judgments; that said two ten mills levies were for the payment of the same obligation as the said former eighty-two mills levy and was largely in excess of the amount required to pay the said judgments, interest and costs; that appellant was entitled to be heard as to the amount of levy necessary and whether any levy was necessary; that said former levy of eighty-two mills was sufficient to pay said judgments.

Appellant further alleged that the act of Congress, whereby the bonds, the coupons whereof were the subject of the said actions, were validated, is indefinite, uncertain and incapable of reasonable interpretation and enforcement so as to be applied to any bonds issued by the county of Santa Fe, and does not sufficiently identify any bonds of said county intended to be validated. Appellant prayed that the peremptory mandamus in said actions be suspended and that appellant be permitted to show cause and to be heard before said order and writ be made permanent. The petition was denied and appellant brings the cause here for review.

It is conceded by appellee that if the former levy of eighty-two mills is sufficient to pay the said judgments, interest and costs, that the present writs were improvidently issued. But it is contended that the record in this case itself shows, notwithstanding the allegations of the appellant, that such is not the fact. It is to be observed that the appellant in its former levy of eighty-two mills on the dollar determined that this was simply sufficient to pay the then amount of the judgments, together with the interest until paid, and costs. No attempt was made at that time to make a levy to pay any greater sum than

the amount then due.  The resolution of the Board of
County Commissioners shows upon its face  this fact.
Since that time the judgments have borne interest and at
the date of the issuance of the peremptory writs in this
cause they had amounted to the sum of $32,874.05, in excess
of the amount then due.  The claim, therefore, of
appellant that the eighty-two mills levy was sufficient
to pay the amount of the judgments at the date of the
issuance of the peremptory writs is unfounded and untrue
in fact.

The allegation, however, that the two ten mills levies
are excessive is based upon a different proposition.  The
amount of interest accumulated upon the said judgments
since the date of the former eighty-two mills levy is the
sum of $32,874.05.  If the two ten mills levies will produce
more money than is required to pay this sum than they
ought not to have been commanded by the writs. But
it nowhere appears in the record that any increase
had been made in the assessed valuation of the property
of Santa Fe County and, on the other hand, it is alleged
by appellant that portions of the county have been cut
off by the Legislature since the levy of the eighty-two mills.
It is fair to presume, therefore, in the absence of any
showing to the contrary, that the assessed valuation of the
county is not in excess of what it was in 1901, when the
eighty-two mills levy was made.  If this is so, a twenty
mills levy will produce, if collected in full, $32,996, an
excess only of $121.95 over and above the amount required
to pay the interest on the judgments accumulated since
the date of their rendition, and up to the date of the is-
suance of the peremptory writs in this case.  Nearly
$10,000.00 in interest has accrued on the said judgments
since that time.  It, therefore, appears that the levy of the
twenty mills commanded by the writs in this case is
not excessive, the allegations of appellants to the con-
trary, notwithstanding.

It is urged that the peremptory writs demand a con-
tinuing levy of twenty mills from year to year until the
entire judgments, principal, interest and costs are
paid, and that the court consequently exceeded its

authority.   This position we are inclined   to   think   is correct, but the judgment below will in this particular be modified so as to avoid the objection.

It is urged that the action of the court is erroneous for the reason that the two precincts mentioned as having been segregated from the county of Santa Fe and attached to other counties should have been included in the peremptory writs and tax levy.  This contention has no merit. By Chapter 20 of the Session Laws of 1903 it is provided that any portion of a county, owing a bonded debt which shall be segregated, shall not be released from its obligation to contribute its just proportion to the payment of such debt.   But it is provided therein that the assessment, levy and collection of such proportion shall be upon the order of the old county by the officers of the new county and that the money collected shall be paid into the treasury of the old county.   The county of Santa Fe, therefore, has it within its power to compel contribution from the two other counties, which have received a portion of its territory, in proportion to the amount of   taxable   property   received,   and this is the method provided by law.

It is further urged that the act of Congress validating the bonds in question is so indefinite and uncertain as that the question of their validity is open and that the same may be inquired into in this proceeding. This proposition is palpably untenable. The process of mandamus is simply in aid of the judgments and is in the nature of an execution for the enforcement thereof. Any attack upon the judgment in this proceeding would be  a  collateral attack · which is not allowable, the only remedy being by direct attack by way of appeal, and this right has been lost by lapse of time.

The only error of the court below is in awarding a continuing mandamus for   the   payment   of   the   entire amount of the judgments, interest and costs, and in this respect the same will be modified so as to sustain the peremptory writs for the levy of the two ten mills levies for each  year until the interest accruing on the said  judgments

since the rendition of the said judgments on September 24th, 1900, is paid, and, as so modified, the judgments of the court below will be affirmed, and it is so ordered.

W. H. POPE, A. J., did not join in this decision.