[No. 3257. June 14, 1928. Rehearing Denied July 30, 1928.]

## COOPER v. BROWNFIELD.

[269 Pac. 329.]

G. B. Barber, of Carrizozo, for plaintiff in error.

A. H. Hudspeth, of Carrizozo, for defendant in error.

OPINION OF THE COURT

PARKER, C. J. This is an action brought by A. D. Brownfield, administrator of the estate of James A. Cooper, deceased, having for its object the sale of the real estate of deceased, in order to raise funds to discharge the debts which had been allowed against the estate of

James A. Cooper, deceased; there being no personal property with which to satisfy said debts. The widow, Mattie Cooper, and other heirs of deceased were made parties defendant. Mattie Cooper filed her answer, joining issue with the plaintiff. The trial was had upon the issues joined, and, on the 25th day of August, 1926, there was filed a decree and order of sale wherein the court found the facts essential to an order of sale of real estate of a decedent to raise funds with which to discharge the debts against the estate.

To this decree and order of sale the plaintiff in error, Mattie Cooper, filed exceptions, but did not take an appeal or sue out a writ of error.

On January 26, 1927, the administrator, defendant in error, filed his report of sale. On February 1, 1927, Mattie Cooper filed exceptions to said report of sale. February 7, 1927, the trial court entered an order confirming the sale of the real estate.

On April 5, 1927, Mattie Cooper filed a notice of application for appeal from the order and judgment of the court made and entered February 7, 1927, approving and confirming the sale of the real estate by the administrator. On April 13, 1927, there was entered an order denying an appeal wherein the court gives, as its reasons, that said application for appeal was made more than 6 months after the filing of the decree and order of sale, and more than 20 days after the filing of the order confirming the sale.

On April 28, 1927, Mattie Cooper made application to this court for the issuance of a writ of error to review the order of the trial court directing the sale of the real estate, the denial of the application of Mattie Cooper to set aside for her a homestead, the order of the court confirming the sale of the real estate, and the order of the court refusing an appeal. Upon this application, writ of error was issued by this court on May 5, 1927, and filed in the district court of Lincoln county on May 7, 1927.

What appears to be a transcript of the entire record was filed in this court on July 7, 1927. On July 27, 1927,

defendant, in error filed a motion to dismiss the writ of error.

This motion is based upon three grounds. The second is the only one it will be necessary for this court to consider in disposing of this motion. It is as follows:

"(2) That the application for the writ of error herein was not made within twenty days from the entry of the judgment or order appealed from (the same being the order made after the entry of the final judgment and decree in said cause), to wit: The order confirming the sale of real estate, made on the 5th day of February, A. D. 1927, and filed on the 7th day of February, A. D. 1927, a certified copy of which order is hereto attached, marked exhibit B, and made a part hereof."

Defendant in error contends that the order of sale in the case at bar is the final judgment, and that the order approving and confirming the sale is an order after final judgment; that plaintiff in error, having failed to either sue out a writ of error or appeal from the order of sale within 6 months thereafter, and having failed to either appeal or sue out a writ of error within 20 days after the confirmation of the sale, lost all rights to review by either appeal or writ of error.

Plaintiff in error contends that the confirmation of the sale is the final judgment and decree, and that chapter 43, § 1, of the Laws of 1917 of New Mexico, gives 6 months from the entry of any final judgment in any civil action within which to appeal or sue out a writ of error.

The motion to dismiss and the briefs of counsel present the following questions:

(1) Is a decree and order of sale of a decedent's real estate, to satisfy the debts of the estate, a final judgment or an interlocutory judgment, order, or decree, within the meaning of chapter 43, Laws 1917?

(2) Is the order confirming the administrator's report of sale of a decedent's real estate a final judgment or a final order made after the entry of final judgment, within the meaning of chapter 43, Laws 1917?

The material portion of chapter 43, Laws 1917, is as follows:

"Section 1. Within six months from the entry of any final judgment in any civil action, any party aggrieved may appeal therefrom to the Supreme Court of the state.

"Section 2. Appeals shall also be allowed to the district court, and entertained by the Supreme Court, in all civil actions, from such interlocutory judgments, orders or decisions of the district courts, as practically dispose of the merits of the action, so that any further proceeding therein, would be only to carry into effect such interlocutory judgment, order or decision. Appeals shall also be allowed by the district court, and entertained by the Supreme Court, from all final orders affecting a substantial right made after the entry of final judgment. * * *

"Application for allowance of appeal under the provisions of this section must be made within twenty days from the entry of the judgment, order, decision or conviction appealed from."

The record discloses that in the decree and order of sale entered August 25, 1926, the trial court found that decedent was the owner of certain real estate, and all other facts essential to a sale of decedent's real estate to satisfy the debts of the estate, and ordered the same sold. The record further discloses that the decree of sale was upon issues joined and hearing on the merits. It therefore disposed of the merits of the action, leaving only the judgment, order, or decision to be carried into effect; that is, the sale of the real estate.

In Otto-Johnson Merc. Co. v. Garcia, 24 N. M. 356-358, 174 P. 422, in construing the identical statute here presented, we held:

"(1) Numerous definitions of 'interlocutory orders' will be found in the books. In substance, they are defined: As relating to some question of law or practice, and leave something remaining to be decided or done by the court entering the order and to proceed further therewith; such orders as are made in the course of a cause, but which do not touch the merits of the action so as to affect the rights of the parties; those collateral to the issue, not finally determining or completing the suit, leaving something further to be done by the court in the premises; those which are given in the course of a cause upon some plea, proceeding, or default which is only intermediate and do not finally determine or complete the suit, and those which only settle some intervening matter relating to the suit. 2 Words and Phrases, 1150-1153 (2d Series) ; 4 Words and Phrases, 3715. It is patent that the order made by the trial court was interlocutory in its nature."

See, also, Huntington v. Moore, 1 N. M. 471.

It is apparent that the decree and order of sale is not an interlocutory judgment, order, or decision, but is a

final judgment, completely adjudicating the rights of all parties, and leaving nothing further for the court to determine. See, also, First National Bank of Iowa City v. Swartz, 22 N. M. 386, 387, 162 P. 352; Sacramento Valley Irrigation Co. v. Lee, 15 N. M. 567, 113 P. 834; Neher v. Crawford, 10 N. M. 725-739, 65 P. 156; Lohman v. Cox, 9 N. M. 503, 56 P. 286.

Having found that the decree and order of sale is a final judgment within the meaning of chapter 43, § 1, Laws 1917, it naturally follows that the order confirming the sale is a final order made after the entry of final judgment.

Sections 1 and 4, c. 43, Laws 1917, limit the time for appealing and applying for writs of error from final judgments to 6 months from the entry thereof. Sections 2 and 4, c. 43, Laws 1917, limit the time for applying for appeal or writ of error to 20 days from the entry of a final order made after final judgment. Neither the appeal which was refused by the trial court nor the writ of error issued by this court having been applied for within the time limited by statute, the motion to dismiss the writ of error will be sustained, and it is so ordered.

BICKLEY and WATSON, JJ., concur.