[No. 3345. March 29, 1929.]

ARMIJO v. PETTIT et al.

[277 Pac. 21.]

Simms & Botts, of Albuquerque, for appellant.

H. B. Jamison, of Albuquerque, for appellees.

## OPINION OF THE COURT

PARKER, J. A motion to dismiss the appeal in this case has been filed. The judgment was for the foreclosure of a landlord's lien upon personal property. The cause was here on a former appeal (32 N. M. 469, 259 P. 620) from November 25, 1924, when that appeal was granted, until September 5, 1927, when the judgment was reversed as to the amount for which the lien was declared, and otherwise affirmed, and the cause remanded, with directions to enter a new judgment for the proper amount. No supersedeas bond, merely a cost bond, was given on that appeal. The special master appointed in the judgment to make sale of the property endeavored to obtain possession of the same, but failed and so reported to the district court. The present appellant thereupon filed a motion for a deficiency judgment against the appellees for the full amount for which the landlord's lien had been declared, which motion was formally denied by the court. After the mandate from this court went down to the district court, a second motion for a deficiency judgment was filed by appellant, but was never acted upon by the district court. Finally a third motion was filed by appellant for a deficiency judgment, which was formally denied by the district court, from which judgment the present appeal has been prosecuted. Appellees now move to dismiss the appeal upon the theory that the district court, at the time of the presentation of the first motion for deficiency judgment, had full jurisdiction to either grant or deny the same, and that the judgment denying the same is now res adjudicata against appellant, no appeal having been taken therefrom. Therefore it is argued by counsel for appellees this court has no jurisdiction to consider the question.

In this counsel for appellees is mistaken. This court is not deprived of jurisdiction to decide whether appellant can maintain this appeal by the fact, if it is a fact, that the district court has previously decided the proposition adversely to appellant, from which no appeal was taken. We have jurisdiction to decide whether the district court erred in its former judgment and whether such judgment is res adjudicata and whether the same was properly, or at all, relied on in denying the present motion.

For the reasons stated the motion will be denied, and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.