[No. 3345. Feb. 17, 1930.]

ARMIJO v. PETTIT et al.

[286 Pac. 827.]

Simms & Botts, of Albuquerque, for appellant.

H. B. Jamison and Hanna & Wilson, all of Albuquerque, for appellees.

## OPINION OF THE COURT

WATSON, J.

A statement of the essential facts has been heretofore made. Armijo v. Pettit, 34 N. M. 43, 277 P. 21, where we denied a motion to dismiss the appeal. Since then the original appellant has died, and the appeal has been revived in the name of Nicolas T. Armijo, her executor.

On the merits, appellant discusses two questions:

"1. Was the question of a deficiency judgment in personam previously adjudicated against the plaintiff, and

"2. Did the court err in refusing to grant the plaintiff's third motion?"

She contends that the adverse ruling on her first motion is not res adjudicata, because the appeal, though without supersedeas, deprived the court of jurisdiction to entertain the motion. She admits that, if the court had jurisdiction, she is here confronted with a final judgment, which will prevent success of her appeal.

The original "final decree" adjudged an indebtedness against the defendants, and each of them, adjudged a lien upon personal property therefor, a foreclosure of the lien, a sale by a special master, and application by him of the proceeds to the payment of the indebtedness, and concluded that

"* * * the Court does hereby retain jurisdiction * * * for the purpose of hearing the report of said Master and to award any

deficiency judgment in personam as against the defendants which may be necessary in the premises."

Appellant admits that, until superseded, this judgment could be enforced, even after the taking of the appeal, up to the point of entering deficiency judgment. She denies, however, that, after the appeal, and pending receipt of mandate from this court, the lower court has jurisdiction to enter a "new judgment" for the deficiency.

The original "final decree" remained in full force and effect, though appealed from, and appellant was at liberty, at her peril, to proceed to enforce it. Mayo v. George, 31 N. M. 593, 248 P. 885; Clark v. Rosenwald, 31 N. M. 443, 247 P. 306.

As we see it, appellant's motion did not ask for a new judgment, or for any modification of the judgment appealed from. It was merely a step in proper subsequent proceedings to enforce the judgment already rendered. The personal indebtedness of the defendants had already been adjudged. The amount for which execution should issue was alone left to be determined, and that by mere computation. We cannot see how the motion for entry of deficiency judgment can be considered as a new judgment, or as a modification of the original "final decree," any more than a motion to confirm the master's report of sale should be so considered. An order of confirmation is a "final order affecting a substantial right made after the entry of final judgment." App. Proc. Rule II, § 2, Cooper v. Brownfield, 33 N. M. 464, 269 P. 329. So, also, an order in proceedings supplementary to execution. Code 1915, § 2214; Davidson v. Conley, 34 N. M. 421, 284 P. 1020. So we must classify an order determining, after foreclosure sale, the amount of deficiency to be entered as a personal judgment.

Floersheim v. Board of Commissioners, 28 N. M. 330, 212 P. 451, relied upon by appellant, presented a different question, and has no bearing here.

It seems, therefore, that the adverse ruling on the first motion, right or wrong, precluded the third motion from which this appeal is taken.

The judgment must be affirmed, and the cause remanded.

It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.