383 P.2d 255

STATE of New Mexico ex rel. STATE HIGH-
WAY COMMISSION of New Mexico,
Petitioner-Appellant,

v.

George R. QUESENBERRY, aka George R.
Quesenberry, Trustee, et al., De-
fendants-Appellees.

No. 7336.

Supreme Court of New Mexico.

June 24, 1963.

Earl E. Hartley, Atty. Gen., Joseph L. Droege, Spec. Asst. Atty. Gen., Santa Fe, for appellant.

Garland & Martin, R. Wilson Martin, W. A. Sutherland, T. K. Campbell, E. Forrest Sanders, Las Cruces, for appellees.

NOBLE, Justice.

The State Highway Commission (respondent-appellant) has appealed from a permanent writ of mandamus requiring it to pay relators (appellees) the amount awarded by a stipulated judgment in eminent domain, as compensation for the taking, for a public purpose, of certain real estate in Dona Ana County, New Mexico.

The judgment in the condemnation proceeding was not appealed from and time for appeal therefrom has long since expired. Appellees have moved to dismiss the appeal upon the ground that mandamus, invoked in this case only in the nature of a writ of execution to enforce a money judgment against a state agency, is not an appealable order. The motion to dismiss the appeal presents the narrow issue of whether this court has jurisdiction to consider the appeal.

It is firmly established that the right to an appeal to this court must be derived from express authority and does not exist in the absence of an express grant. Jordan v. Jordan, 29 N.M. 95, 218 P. 1035. The right of litigants to appeal from a ruling of a district court is by rule of the Supreme Court. Laws 1933, Ch. 84.

Appellant appears to contend that the writ of mandamus is a final judgment from which an appeal may be taken under Supreme Court Rule 5(1). Mandamus was not issued in a new or independent action, but in the condemnation case after the judgment declaring the highway commission to be the owner of the land condemned and rendering a money judgment against the commission for the stipulated compensation for the taking by eminent domain. The writ alleged the judgment, the refusal of the commission to pay, and that defendants could not enforce their judgment against the state agency by execution.

Mandamus is one of the remedies and often the only one available to compel a governmental body to pay a money judgment. 155 A.L.R. 464. Mandamus issued to enforce payment of a money judgment against a governmental agency is only ancillary to and in aid of the judgment, and serves the same purpose as a writ of execution. Territory ex rel. Chapman v. County Commissioners, 14 N.M. 134, 89 P. 252. The nature of mandamus under such circumstances was clearly defined by the Supreme Court of the United States in Riggs v. Johnson County, 6 Wall. 166, 73 U.S. 166, 18 L.Ed. 768, where it was said:

"* * * Where such an exigency arises, they may issue it, but when so employed, it is neither a prerogative writ nor a new suit, in the jurisdictional sense. On the contrary, it is a proceeding ancillary to the judgment which gives the jurisdiction, and when issued, becomes a substitute for the ordinary process of execution to enforce the payment of the same * * *."

Mandamus, as issued in this case, was neither a prerogative writ nor a new suit, and the order making the writ permanent is not a final judgment within the meaning of Supreme Court Rule 5(1) (§ 21–2–1(5) (1)). Neither is it an interlocutory judgment, order or decision within the meaning of Supreme Court Rule 5(2) (§ 21–2–1(5) (2)). Black's Law Dictionary,

(4th Ed.), page 952, defines "interlocutory" as:

"* * * Something intervening between the commencement and the end of a suit which decides some point or matter, but is not a final decision of the whole controversy. * * *"

If the order making the writ permanent is an appealable order, it can only be because it is a final order made after the entry of a final judgment which affects a substantial right of appellant, within the meaning of that part of subsection 2 of Supreme Court Rule 5(2) (§ 21–2–1(5) (2), N.M.S.A. 1953), which reads:

"* * * Appeals shall also be allowed by the district court, and entertained by the Supreme Court, from all final orders affecting a substantial right made after the entry of final judgment."

The order making the writ permanent would seem to fit within that rule, except for the very strenuous argument of appellant that the judgment in the condemnation action, which the writ seeks to enforce, is not a final judgment.

Appellant now seeks to avoid the obligation of the money judgment upon the ground that subsequent to entry of that judgment it abandoned the condemnation, and to avoid the binding effect of that judgment, which was not appealed, it now asserts that a judgment in condemnation is not a final judgment when entered. It is not necessary for us to decide whether a judgment in condemnation generally is final, nor the effect of the condemnation statute itself. We are only concerned, in this case, with the judgment that was entered upon stipulation of the parties and approved by counsel for appellant. An examination of that judgment, as disclosed by the record, shows it to be a final judgment awarding a money judgment to defendants and divesting defendants of title to the real estate condemned, and vesting it in the state. The judgment was not appealed from and may not be collaterally attacked at this time. Jencks v. Goforth, 57 N.M. 627, 261 P.2d 655. Furthermore, rights may not be adjudicated between the parties by mandamus. It is only a method of enforcing an existing right. Klatt v. Marschner, 212 Mich. 590, 180 N.W. 625, 628. We conclude that the order appealed from is, under the facts of this case, a final order made after entry of final judgment. The remaining question is whether it affects a substantial right of appellant so as to make it an appealable order.

Appellant's answer to the alternative writ of mandamus, by failure to deny, admitted the condemnation judgment and alleged as legal defenses: (1) that mandamus is not expressly authorized by the eminent domain statute as a means of enforcing a condemnation judgment against a state agency; (2) that the alternative writ failed

to state facts upon which relief can be granted; (3) that the venue lies exclusively in Santa Fe County by virtue of § 21–5–1, N.M.S.A.1953; (4) a general denial; and (5) lack of indispensable parties. Section 21–5–1, N.M.S.A.1953, if applicable, as well as the asserted lack of indispensable parties, questions the jurisdiction of the trial court to issue mandamus. The order, therefore, was one affecting a substantial right and is appealable. See Cooper v. Brownfield, 33 N.M. 464, 269 P. 329; Armijo v. Pettit, 34 N.M. 559, 286 P. 827.

The greater part of appellant's argument is directed to its contention that it should be relieved of the obligation of the money judgment by reason of an asserted abandonment of the condemnation after judgment. The issues in mandamus are created solely by and are limited to the allegations of the writ and the answer thereto. Section 22–12–11, N.M.S.A.1953. Legal objections must be raised by the answer, and in the absence of pleading such defense, it could not have been considered or passed upon by the trial court. See Chesher v. Beall, 41 N.M. 652, 73 P.2d 329. The Supreme Court is a court of review, and on appeal will not consider questions which have not been passed upon by the trial court, nor raised by the pleadings below. Miller v. Smith, 59 N.M. 235, 282 P.2d 715; State ex rel. Bliss v. Potter Co., 63 N.M. 101, 314 P.2d 390; Warren v. Spurck, 64 N.M. 106, 325 P.2d 284. The contention that appellant has abandoned the condemnation and that the money judgment against it is not enforceable, not having been raised by the answer to the writ, may not be urged on appeal.

The motion to dismiss the appeal will be denied, but appellant will be limited on such appeal to those questions raised by the pleadings and passed upon by the trial court.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.