MADDOX, Justice.
What is the proper venue of a proceeding to enforce a judgment against a municipality when the judgment against the municipality was entered in an original action properly filed and tried in a county other than the county where the municipality is located? That is the crucial question presented by this appeal.
Essie Moore Logan and Evelyn Dean, respondents herein, obtained a judgment against the Town of Frisco City in the Mobile Circuit Court. All of the parties agree that venue was proper as to this original action because venue was proper in Mobile County as to Ford Motor Company, a co-defendant of the Town of Frisco City. Rule 82(c), ARCP.
The respondents were unable to collect this judgment against the Town of Frisco City. On June 17, 1980, they filed a petition for writ of mandamus, injunctive and other relief in the Circuit Court of Mobile County; against the Town of Frisco City, the Town Council of the Town of Frisco City, namely, Harvey Martin (then mayor of the town), Sue Starr, Douglas Williams, W. B. Barganier, Gordon Harrison and James Wilson (the then members of the Town Council). On July 1, 1980, the petitioners herein, Martin, Starr, Williams, Bar-ganier, Harrison and Wilson, filed a motion for change of venue or, in the alternative, to dismiss on the ground that venue was not proper in Mobile County.
On October 6, 1980, Martin was replaced as mayor by Jeffie Jones, and the town council was replaced by Oris Browning, Howard McWilliams, W. P. Albritton, William Davis and Gilbert Norris. On December 15, 1980, Logan and Dean filed an amended petition to add Jones, Browning, McWilliams, Albritton, Davis and Norris as respondents. On January 9,1981, the original motion for change of venue was refiled *247 on behalf of the parties named in the amended petition. The motion for change of venue was denied by Circuit Judge Brax-ton Kittrell. The petitioners herein then filed this petition for writ of mandamus, requesting this Court to compel Judge Kitt-rell to grant their motion for change of venue.
All of the parties agree that the petitioners have at all times relative to these actions been residents of Monroe County, Alabama. Likewise, all of the parties agree that because Ford Motor Company was a party to the original action filed in Mobile County, that original judgment against the Town of Frisco City is valid. The parties differ on the issue of whether the respondents can validly seek to enforce that judgment by writ of mandamus in Mobile County-
The critical issue is whether the mandamus filed by the respondents to enforce the original judgment is a new and separate action or whether it is an action ancillary to the original proceeding. If the mandamus is a new action, then the proper venue would be in Monroe County, where each of the respondents resides. If the mandamus petition filed in circuit court is ancillary to the original action, wherein the judgment now sought to be enforced was rendered, then venue would be proper in Mobile County. Since all parties agree that venue was proper in the original action, the only question remaining is whether the mandamus petition was ancillary to the original action or was a separate proceeding.
There appear to be no Alabama cases which state whether mandamus is a new action or whether it is ancillary to the original action when it is used to collect a judgment. In Mayor and City Council of Anniston v. Hurt, 140 Ala. 394, 37 So. 220 (1903), this Court did note that if the judgment is a valid debt against the municipality then the writ of mandamus is in the nature of an execution.
Other jurisdictions have directly addressed the issue presented in this case. In State v. Knight, 121 S.W.2d 762 (Mo.App.1938), it was stated:
Mandamus is a proper remedy to enforce a judgment against a municipal or public corporation and it has been generally used for such purpose in this state. It is an ancillary proceeding to the main suit and when so employed is not a new suit, but simply process essential to jurisdiction. It is a means of enforcing the collection of a judgment against a municipal corporation and is the legal equivalent of an execution upon a judgment against an individual. [Emphasis added.] [Citations omitted.]
Likewise, the Supreme Court of New Mexico has stated:
Mandamus is one of the remedies and often the only one available to compel a governmental body to pay a money judgment. 155 A.L.R. 464. Mandamus issued to enforce payment of a money judgment against a governmental agency is only ancillary to and in aid of the judgment, and serves the same purpose as the writ of execution. Territory ex rel Chapman v. County Commissioners, 14 N.M. 134, 89 P. 252. The nature of the mandamus under such circumstances was clearly defined by the Supreme Court of the United States in Riggs v. Johnson County, 6 Wall 166, 73 U.S. 166, 18 L.Ed. 768, where it was said:
“ * * * Where such an exigency arises, they may issue it, but when so employed, it is neither a prerogative writ nor a new suit, in the jurisdictional sense. On the contrary, it is a proceeding ancillary to the judgment which gives the jurisdiction, and when issued becomes a substitute for the ordinary process of execution to enforce the payment of the same .... ” [Emphasis added.]
State v. Quesenberry, 72 N.M. 291, 383 P.2d 255 (N.M.1963).
We hold that when a writ of mandamus is sought to enforce a judgment against a municipal corporation the mandamus is ancillary to the original action. In the present case, the mandamus filed by the respondents is ancillary to the original action which was filed in Mobile County. The *248 judgment was rendered against the petitioners. Since all of the parties agree that venue was proper in Mobile County in the original action, then venue would also be proper in Mobile County as to the mandamus sought by the holders of the judgment to enforce that judgment.
The judgment of the trial court which denied the motion for change of venue was proper; therefore, the present writ of mandamus to compel the granting of change of venue is due to be denied.
By denying mandamus, however, we should not be understood as addressing the question whether the petitioners in the trial court are entitled to prevail on each and every request for relief made in their petition; this opinion addresses solely the question of venue and not the merits of their petition.
PETITION FOR WRIT OF MANDAMUS DENIED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.