This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ELDON D. RODRIGUEZ,**

 Petitioner-Appellant,

**v.**             **No. 31,532**

**STATE OF NEW MEXICO, EX REL.**
**and JUDY C. RODRIGUEZ,**

 Respondents-Appellees.


**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Eldon D. Rodriguez
Westchester, CA

Pro Se Appellant

Child Support Enforcement Division
D. Mario Chavez, Special Assistant Attorney General
Farmington, NM

for Appellee State of New Mexico

Judy C. Rodriguez
Bloomfield, NM

Pro Se Appellee

Linda B. Gonzales
Bloomfield, NM

Guardian ad Litem

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Appellant, Eldon D. Rodriguez, pro se, appeals from the district court's order denying his motion to compel a genetic test of his daughter, Lisa. We issued a notice of proposed summary disposition proposing summary affirmance. Appellant has responded with a memorandum in opposition, which we have duly considered. We remain unpersuaded, and we therefore affirm.

The relevant facts are as follows. In 1985, Appellant filed a petition for dissolution of marriage from his wife. [RP 1] On February 21, 1987, the district court entered a final decree in that case, which stated that the parties have four minor children, including Lisa Rodriguez, and ordered Appellant to pay child support for all children. [RP 15-18] Appellant did not appeal from the final decree. [RP 25]

In 2002, the New Mexico Human Services Department (the Department) filed a motion for modification of child support. [RP 26] In the motion, the Department alleged that Lisa Rodriguez was severely and profoundly disabled and would need

2

support for the rest of her life. [RP 27] In his response to the motion, Appellant argued in part that he was entitled to test paternity. [RP 75, 134] The district court held a hearing on the merits, and on November 26, 2002, the district court entered a judgment and order. The court found that Lisa was disabled and that Appellant was Lisa's father. [RP 196] The court ordered Appellant to pay support for Lisa for her lifetime or until further order of the court. [RP 196] On December 26, 2002, Appellant filed a notice of appeal from that order in San Juan County district court. [RP 202] On October 30, 2003, Appellant filed a motion to dismiss the appeal with prejudice in this Court, and the appeal was dismissed. [RP 216, 223]

On October 14, 2005, Appellant filed a petition to modify child support, but dismissed the petition on March 21, 2006. [RP 244, 252] Then on September 5, 2006, Appellant filed a motion to compel a DNA test to determine whether he was Lisa's biological father. [RP 253-257] The district court entered an order denying the motion to compel DNA testing. [RP 277] The court found that both the initial divorce decree and the court's November 2002 order had determined Appellant to be Lisa's father and that Appellant had not pursued appeals of either order. [RP 278] On November 2, 2006, Appellant filed a notice of appeal from that order, but did not otherwise pursue an appeal. [RP 279] On December 10, 2010, the State filed another motion to

3

modify Lisa's support. [RP 280] Appellant filed a response in which he again requested genetic testing to establish that he was not Lisa's father. [RP 290]

The district court denied Appellant's motion on the basis that Appellant was attempting to improperly relitigate Lisa's paternity, which had been determined in prior judicial proceedings. [RP 342-345, 363] We agree. Appellant was adjudicated to be Lisa's father both in the 1987 divorce decree and the district court's November, 2002 order. Appellant did not appeal from either order. Additionally, Appellant did not appeal from the district court's 2006 order denying his prior motion to compel genetic testing of Lisa. Having failed to appeal from the prior judicial determinations of Lisa's paternity, we believe that Appellant is barred from doing so at this late stage. *Compare Callison v. Naylor*, 108 N.M. 674, 676, 779 P.2d 913, 915 (Ct. App. 1989) (holding that, where paternity had been established in a prior divorce proceeding, the father was barred under the doctrine of collateral estoppel from contesting paternity in a separate proceeding); *see also State ex rel. State Highway Comm'n v. Quesenberry*, 72 N.M. 291, 294, 383 P.2d 255, 257 (1963) (stating the general proposition that where there is no appeal from a judgment, it is not subject to collateral attack); *State ex rel. Sofeico v. Heffernan*, 41 N.M. 219, 234, 67 P.2d 240, 249 (1936) (stating that a judgment that is not appealed becomes "res judicata as to

any and all future litigation between the same parties" involving the question resolved).

Appellant asserts that he wanted to initiate paternity proceedings and to appeal the prior court orders, but he was prevented from doing so because of his attorneys' failure to act and their acts of fraud. [MIO 4-6] Defendant also asserts that his former attorney fraudulently signed his name to the divorce decree in which he was determined to be Lisa's father. [MIO 2] However, we have no record before us to support any of these allegations. *See State v. Reynolds*, 111 N.M. 263, 267, 804 P.2d 1082, 1086 (Ct. App. 1990) ("Matters outside the record present no issue for review."); *Santa Fe Exploration Co. v. Oil Conservation Comm'n*, 114 N.M. 103, 108, 835 P.2d 819, 824 (1992) (stating that where a party fails to cite any portion of the record to support its factual allegations, the appellate court need not consider its argument on appeal). We therefore decline to address them.

For the same reason, we decline to address the other issues Appellant raises in his memorandum in opposition. Appellant continues to challenge the validity of the 1987 divorce decree, the validity of prior court orders relating to Lisa's parentage, the validity of the district court's child support orders, and the manner in which prior child support money he paid to the State was distributed. Specifically, Appellant alleges that his ex-wife engaged in numerous lies and acts of fraud over the years, the

court appointed guardian ad litem concealed guardianship proceedings from him, unspecified evidence has been destroyed, and he was never given his ex-wife's tax returns. [MIO 2-12] However, none of these issues are properly before this Court. There is no record to support them, and Appellant has not shown how they were raised and ruled upon in the district court proceeding below. *See* Rule 12-208(D)(4) NMRA (stating that the docketing statement shall contain a statement of how the issues arose and were preserved in the district court); *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) (stating that to preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court); *Reynolds*, 111 N.M. at 267, 804 P.2d at 1086 ("Matters outside the record present no issue for review."). Therefore, we do not address them.

Appellant also claims that he never agreed to pay child support to Lisa for her entire life, and that there is no court order for ongoing support of a disabled child. [MIO 6] Appellant argues that there was no expert witness testimony presented to establish that Lisa is disabled or that she requires support for the rest of her life. [MIO 10] However, these issues were determined in 2002, when the district court entered an order determining that Lisa was disabled and ordering Appellant to pay ongoing child support. [RP 196-199] Appellant did not appeal from that order, and he cannot

collaterally attack the order now. *Quesenberry*, 72 N.M. at 383 P.2d at 257(stating the general proposition that where there is no appeal from a judgment, it is not subject to collateral attack).

Finally, in our notice of proposed summary disposition, we noted that pursuant to NMSA 1978, Section 40-11A-607(B) (2010), a proceeding to determine parentage may not be maintained if brought more than three years after the child has attained the age of majority. Lisa is currently thirty years old, and has attained the age of majority. [RP 1] *See* NMSA 1978, Section 28-6-1(B) (1973) (stating that the age of majority is eighteen). Appellant's attempt to contest paternity at this stage therefore appears to be barred by the statute of limitations. In his memorandum in opposition, he does not contest that the statute bars his attempt to determine Lisa's parentage. Rather, Appellant argues that, if he cannot contest paternity after three years, then the State should be barred from seeking to collect child support after three years have passed. [MIO 3] Appellant cites to no legal authority in support of this contention, and we therefore reject it. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority).

For these reasons, we affirm the district court.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**LINDA M. VANZI, Judge**

8