MOLLIE SAMS, ET AL., APPELLANTS, VS. HANNAH KING, ET ALS., APPELLEES.

1. That there is no bill of exceptions or an incomplete one in a record is not ground for the dismissal of an appeal or to strike the case from the calendar. There may be errors apparent upon the record other than those arising upon exceptions.

2. Where a bill of exceptions, apparently regular, is signed as required by law, an allegation of counsel unsupported by proof that since

the original bill was signed there have been "interpolations," will not authorize the dismissal of the appeal.

3. Where papers are referred to in the bill of exceptions filed in the Circuit Court, with sufficient certainty to identify them, the insertion of the papers in extenso in the record prepared for this court is proper.

4. Where the books of the Assessor of Taxes are introduced in evidence in the Circuit Court it is not necessary to copy the entire book in the record sent here. It is sufficient to insert such portion of the book as it was introduced to establish, or was deemed pertinent to the questions sought to be raised, or the original may be brought to this court as authorized by the rules of practice. Where neither the part deemed pertinent to the question sought to be raised, nor the books accompanying the record, are sent to this court, the proper course is to award a *certiorari* to bring them up.

5. Time having been given during the term at which the case was tried to prepare and tender a bill of exceptions, and the Judge presiding at the trial having gone out of office, it is proper and legal for his successor to settle and sign the bill. (Hays, Adm'r, vs. McNealy, 16 Fla., 406, referred to and approved.) Upon a tender of the bill to such successor, and his refusal to sign it in the presence of three parties who were present at the trial, it is proper for them, under the rules and statute, to sign it if it correctly presents the testimony and proceedings according to their recollection.

6. A bill of exceptions, regular in form, properly prepared and attested according to law, imports verity; and its truth cannot be questioned in this court upon appeal by the affidavit of counsel, based upon their own knowledge, or upon the representation of others.

Appeal from the Circuit Court for Duval county.
The facts of the case are stated in the opinion.

*John E. Hartridge* and *M. C. Jordan* for the motion.

*C. P. Cooper, contra.*

Mr. Justice Westcott delivered the opinion of the court.

A motion is made in this case to strike the record from the files—first, because in the same is incorporated neither a true, complete nor correct copy or transcript of the bill

of exceptions filed in the case as the same appears of record in the court from which the appeal is taken. This is no ground of a motion to strike the case from the docket. If the transcript of the record did not contain or even purport to contain a bill of exceptions in this or any other case, it would be no ground upon which to strike the case from the docket. The error to be assigned may be the ruling of the court upon demurrer, or some other error apparent upon the record without an exception. If a copy of the true bill of exceptions is not here, the remedy of appellee, if he has any, is through a *certiorari*. In addition to this the Clerk here certifies that the copy in this record is a true copy, and there is nothing here to contradict this certificate, except the insertion of this statement, as a ground of the motion to strike the case from the docket. Two assessment books which were in evidence, as shown by the bill in the Circuit Court, are not in the bill here. The usual practice in such case is to send the books, and if they are not sent to award a *certiorari*.

The second ground is, "because there have been interpolations in the so-called bill of exceptions since the same was signed by the so-called bystanders." If the bill of exceptions is signed in accordance with law in this case, and that is a question we subsequently examine, the simple statement by counsel, as a ground of a motion to strike the case from the docket, that there were interpolations in the bill of exceptions since it was signed, no such interpolation appearing to have been made, but the transcript of the record here appearing to be in this respect regular, is not available for this purpose.

The objection here seems to be that the bill as filed in the Circuit Court fails to insert certain papers at length, but refers to them by such expressions as " here set out agreement," " here insert tax deed," " here insert marriage

license." The Clerk certifies that he filled out such " vacancies" in the bill accompanying this record, as he was in said bill filed in the Circuit Court directed to insert, and we are satisfied that the record now before the court embraces such papers.

Two assessment books referred. to as admitted in evidence are not in the bill, but the practice has never been to copy books of this character. The practice is to send the original book or such extracts as were used in evidence.

A similar question as to indentity of papers was considered by the Supreme Court of the United States in Clarke vs. Russell, 3 Dal., 423. The Chief-Justice remarked that " the letters, though they might properly have been inserted more at large, are so referred to by words and plain intendment that we cannot doubt their being the same." This, however, like the other ground, is no basis for the motion to strike from the files.

The third ground is because the so-called bill of exceptions does not contain, and does not purport to contain, all the evidence produced at the trial of said cause.

It is not necessary in a majority of cases that a bill of exceptions should contain all of the testimony. It is necessary only when the consideration of the exception taken involves an examination of all the testimony. Here, however, the bill as signed does purport to contain all of the testimony, except the assessment books, in evidence, and there is nothing in the transcript of the record showing that it does not.

The fourth and fifth grounds are because the so-called bill of exceptions was not signed according to law, and does not conform to the rules of the Circuit Court as prescribed by the Supreme Court. It appears from the transcript of the record that after the expiration of the term of the court

at which the case was tried by virtue of a special order made in term, the bill of exceptions was prepared and the then Judge of the court in vacation was requested to sign it.   Between the trial and the date of the presentation of the bill the Judge who tried the case had gone out of office and another Judge had been appointed.   The Judge succeeding declined to sign the bill upon the ground that he was not informed as to its correctness, and that he had no authority of law in the premises; whereupon, in his presence, as recited by the bill, " three persons who were present at the trial of said cause, application having been made to us " (them) " by the defendant, by her attorney, to sign and settle said bill of exceptions according to the form of the statute in such case made and provided, which is done this 21st day of February, A. D. 1881."   The bill of exceptions was thus signed by three persons present at the trial, and in the presence of the Judge of the court.   The time for making up the bill of exceptions had been extended, and so necessarily had been extended the time for " tendering " the bill to the Judge, and the statute provides that when the bill is tendered to him for his signature, and he refuses to sign, " it shall be lawful for three persons to sign the same in the presence of the said Judge, and also that the same was presented to the Judge and he refused to sign it, which bill shall be as valid and have the same force as though it were signed by the Judge of said court, and the court shall permit the same to be filed and become a part of the record."   Following the signature of the bill, the three persons signing it state that " in signing the above bill of exceptions we don't say that the above specifications of the testimony are correct, as neither of us kept any record of the testimony of the witnesses.   It is based on our recollections." . We do not understand what is here meant by specifications.   We do understand, however, by the

bill that the parties were present at the trial, and by their statement that the bill contains the testimony as they recollect it. This is sufficient. The law does not require or expect them to keep a record or minute of the evidence.

There is an affidavit of M. C. Jordan, one of plaintiffs' attorneys, questioning the verity of the bill of exceptions. It is only necessary to say as to this matter that the truth of a bill of exceptions cannot be thus assailed in this court. Properly prepared and attested according to law it imports absolute verity here, and its truth cannot be questioned by the affidavit of appellees' counsel. The same is true of the allegation by one of the counsel that Bowden, one of the persons signing the bill of exceptions, had admitted to him that he had never read it.

The power, authority and duty of the succeeding Judge in the matter of signing and settling a bill of exceptions in a case where his predecessor presided at the trial, was carefully examined in the case of Hays' Admrx. vs. McNealy, 16 Fla., 406. It was there held that such duty devolved upon him.

The motion to strike the case from the calendar is denied, and a *certiorari* is awarded to bring up the two books of assessment of taxes.