E. E. ROPES, APPELLANT, VS. THE SNYDER HARRIS BASSETT COMPANY, APPELLEE.

1. The fact that there is no bill of exceptions in a case is no valid ground for dismissing an appeal where the errors assigned are upon the record proper.

2. Prior to the adoption of the Revised Statutes appeals were permitted to be taken in actions at law during the term of the court at which the judgment was rendered, or within thirty days thereafter, and a motion, made since the Revised Statutes went into effect, to dismiss an appeal entered before that time, on the ground that no writ of error has issued in the case, shows no sufficient cause for dismissing the appeal.

Appeal from the Circuit Court for Volusia county.

Motion to dismiss appeal.

The facts in the case are stated in the opinion of the court.

*Alex. St. Clair-Abrams*, for motion.

*E. E. Ropes*, in *pro. per.*, *contra*.

MABRY, C. J.:

The appellee company, suing as a corporation, instituted an action of assumpsit against appellant in November, 1891. Pleas were filed by the defendant below and a motion was made to strike them out because they were not sworn to, were frivolous and impertinent, and for judgment for want of pleas. This motion was granted on the 4th of February, 1892, and the clerk directed to assess the damages. The pleas copied into the record appear to have been sworn to on the 4th of February, 1892, but whether before or after the motion to strike out was granted, does not appear. Judgment was entered by the clerk in favor of the

plaintiff for $154.13 and costs against the defendant, who entered an appeal from the judgment. The record entry of appeal made on the 1st of March, 1892, recites that "at the term of the court aforesaid comes the defendant in person and in open court applies for and enters his appeal from the judgment herein rendered to the Supreme Court of the State of Florida to be held at the city of Tallahassee on the 14th day of June, A. D. 1892." The appeal bond was filed and approved the day the appeal was entered. The transcript of the record and assignment of errors were filed in this court May 19th, 1892.

A motion has been made to dismiss the appeal: first, because no bill of exceptions has been filed; second, because no writ of error has been issued; and third, because no appeal has been taken as required by law.

The fact that there is no bill of exceptions in a case is no ground for dismissing an appeal. A case can be reviewed on appeal on errors apparent upon the record without a bill of exceptions. The errors assigned in this case are upon the record. Sams vs. King, 18 Fla. 552; Gates vs. Hayner, 28 Fla. 325. The appeal was entered in this case in March, 1892, before the Revised Statutes went into effect, and an appeal was then a proper way to bring the case here for review if entered within the time provided by statute. Since the Revised Statutes, actions at law are brought here for review by writ of error, except in cases where certiorari or prohibition shall lie or where otherwise expressly provided. Sec. 1262, R. S. There is some uncertainty as to the time of the entry of judgment in this case, but taking the record entry as we find it, it appears that the appeal was entered and bond filed during the term of court at which the judgment was entered. The statute in force at the time permitted appeals during the

session of the court at which the judgment was rendered or within thirty days thereafter. McClellan's Digest, page 840, sec. 2.

On the record the appeal appears to have been entered and perfected within the time allowed by the statute, and this being the case, the motion to dismiss the appeal on the ground assigned should be denied. Let an order be made denying the motion.