ALICE SELPH, PLAINTIFF IN ERROR. v. L. C. COBB, DEFENDANT IN ERROR.

APPELLATE PRACTICE—PRESENTING ASSIGNMENTS OF ERROR TO JUDGE WITH BILL OF EXCEPTIONS.

A failure to comply with the rule requiring an assignment of errors to be presented to the judge at the time of the settlement of a bill of exceptions to serve as a guide for making up such bill of exceptions, is ground for dismissal of the cause in the appellate court, even though the bill of exceptions be signed by the judge in the absence of such assignment of errors. The proper practice in such cases is for the judge to refuse to sign such bill of exceptions until an assignment of errors is presented as the guide for making it up.

This case was decided by the Court En Banc.

Writ of Error to the Circuit Court for Columbia County.

The facts in the case are stated in the opinon of the Court.

*A. J. Henry* and *Roberson & Small,* for Plaintiff in Error.

*Boozer & Gillen* and *T. B. Oliver,* for Defendant in Error.

PER CURIAM. This cause came on to be heard before the court *en banc.* upon motion of the defendant in error to dismiss the writ of error. The second ground of this motion is, in substance, that no assignment of errors was presented to the judge at the time of the presentation or settlement of the bill of exceptions.

It appears from the certificate of the judge appended to the bill of exceptions that this ground of the motion is true. This omission is in direct violation of Special Rule One for the government of Circuit Courts in the preparation of bills of exceptions, which expressly provides that such assignment of errors so to be presented to the judge shall be the guide for making up such bill of exceptions. The judge should have refused to sign such bill in the absence of such assignment of errors, and the violation of the rule in this respect is ground for dismissal of the cause. Florida Central and Peninsular R. R. Co. v. Peacock, 44 Fla. 176, 33 South. Rep. 247; Southerland v. Sandlin, 44 Fla. 332, 32 South. Rep. 786.

Were there any assignments of error relied upon here based upon the record proper, we might visit the violation of the rule complained of upon the bill of excep-

tions alone by striking it from the record, but as there is no error assigned here except such as can be exhibited in and by a bill of exceptions, the writ of error must be dismissed, at the cost of the plaintiff in error, and it is hereby so ordered.

WHITFIELD, C. J., and TAYLOR, HOCKER, COCKRELL, SHACKLEFORD and CARTER, JJ., concur.