H. L. ANDERSON AS RECEIVER, OF THE SILVER SPRINGS RAILROAD COMPANY, PLAINTIFF IN ERROR, v. ANDREW A. WINER AND SYDNEY R. WHALEY, DEFENDANTS IN ERROR.

APPELLATE PRACTICE—CERTIFICATION OF BILLS OF EXCEPTIONS—STRIKING DEFECTIVELY CERTIFIED BILL OF EXCEPTIONS, AFFIRMANCE OF JUDGMENT WHERE NO ERRORS ASSIGNED.

1.  Where a Circuit Judge certifies a bill of exceptions in such maner as not to verify the truth of what such bill represents, but in certifying it expressly leaves the truth and correctness of the contents of such bill to be passed upon and settled by the appellate court, such bill of exceptions will be treated by the appellate court, as being no bill of exceptions at all; and will, on motion of the adverse party, be stricken from the record.

2.  It is the exclusive province and duty of the trial judges, in making up bills of exceptions for appellate proceedings, to authoritatively settle all disputes as to the happenings in pais to be contained in such bill in a cause tried before them, and to see to it that the bills of exceptions that they certify correctly and truly state such matters in pais as they really occurred. An appellate court has no power or authority to determine or settle disputes or contentions as to the correctness of the statements of the evidence or

12 S. C.

any other matter in pais as set forth in a bill of exceptions, but is limited and confined in its consideration of any question or happening in pais to the statement of such question or occurrence as it is set forth and contained in a bill of exceptions duly and properly certified and signed by the trial judge; and when so certified and signed it can not be averred against, altered or amended in the appellate court.

3. Where the bills of exception are stricken from the transcript, and there is no other question or assingment of error made, raised or presented upon any matter that can be considered by an appellate court otherwise than through or upon a properly authenticated bill of exceptions the judgment appealed from will be affirmed.


This case was decided by the Court En Banc.

Writ of Error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the Court.

*H. L. Anderson,* for Plaintiff in Error.

*Allred & Davis,* for Defendant in Error.

PER CURIAM. This cause came on to be heard before the court *en banc.* upon motion of the defendants in error to strike from the transcript of record what purports to be an ordinary bill of exceptions and an evidentiary bill of exceptions and the notes of the stenographer who took the evidence in the cause. Upon examination of the transcript of record the court finds that the certificates of the Circuit Judge appended to the ordinary bill of exceptions and to the evidentiary bill of exceptions are so informal, irregular and defective as to amount to no au-

thoritative certification thereof at all, and will not warrant this court in treating them as authenticated bills of exceptions, and that the stenographer's notes of what purports to have been the testimony in the cause embodied in the transcript is not certified by the judge at all, and should not, therefore, have been embodied in the transcript, it is, therefore, hereby ordered that the motion of the defendants in error to strike said bills of exceptions and said stenographer's notes from the transcript of the record, be and the same is hereby granted; and upon further examination it appearing to the court that no question or assignment of error is made, raised or presented upon any matter that can be considered by an appellate court otherwise than through or upon a properly authenticated bill of exceptions, it is hereby considered, ordered and adjudged that the judgment of the Circuit Court in said cause be, and the same is hereby, affirmed, at the cost of the plaintiff in error. Florida Cent. & P. R. Co. v. St. Clair-Abrams, 35 Fla. 514, 17 South. Rep. 639; Washington v. State, 48 Fla. 62, 37 South. Rep. 573.

We think it proper in this cause to again remind the judges of the trial courts that it is their *exclusive province and duty* to settle all disputes as to the happenings *in pais* in a cause tried before them, and to *authoritatively certify* bills of exception containing them to be used in appellate proceedings, and to see to it that the bills of exceptions that they certify correctly and truly state such matters *in pais as* they really occurred, and that the appellate court has no power or authority to determine or settle disputes or contentions as to the correctness or incorrectness of the statements of the evidence or any other matter *in pais* as set forth in a bill of exceptions, but is limited and confined in its consideration of any question or happening *in pais* to the statement of such question or

occurrence as it is contained in a bill of exceptions duly and properly certified and signed by the trial judge, or as it is expressed in the case of Merchants' Nat. Bank of Jacksonville v. Grunthal, 38 Fla. 93, 20 South. Rep. 809: "The *only evidence* for an appellate court as to matters that appear *of record* is the *record proper*, duly certified by the clerk of the court who is the custodian of them; and, as to matters *not of record*, or *in pais*, the judge's *certificate* to a *bill of exceptions* containing them is the only evidence."

All the Justices concur.