G. M. THOMAS, ALLEN THOMAS, W. H. MELVIN AND BRYAN S. SCOTT, AS INDIVIDUALS AND AS CO-PARTNERS AS THOMAS BROTHERS & COMPANY, *Plaintiffs in Error,* v. W. H. PRICE AND W. H. WATSON, COPARTNERS AS PRICE & WATSON, AND FRANCIS B. CARTER, *Defendants in Error.*

1. As the court should refuse to settle a bill of exceptions when no assignment of errors is presented therewith, it must be assumed, in the absence of an affirmative showing to the contrary, that an assignment of error was presented to the judge, with the bill of exceptions, at least where no exception was taken to the settlement of the bill of exceptions on that ground.

2. The mere fact that a bill of exceptions duly authenticated contains no assignment of errors, is not conclusive that none was presented to the judge with the bill of exceptions as required by the rule, even though the rule also directs that such assignment of errors be made a part of the bill of exceptions.

3. The rule does not require the transcript to show the service of a copy of an assignment of errors on the defendant in error or his counsel.

4. Grounds of motions are not self sustaining, and if based upon matters *dehors* the record, they should be supported by evidence *aliunde*, or they will fail.

5. The rule directs that the assignment of errors presented with the bill of exceptions shall be made a part thereof; but the mere failure to do so is not sufficient ground for striking the bill of exceptions, duly authenticated by the judge upon notice and without objection. Nor is it a ground for dismissing the writ of error, especially when the transcript contains an assignment of errors upon matters in the record proper as well as in the bill of exceptions.

6. Where it does not affirmatively appear by the transcript, that no assignment of errors was presented to the judge when he settled the bill of exceptions or that the defendants in error were not served with a copy of the assignment of errors filed

with the clerk, motions to strike the bill of exceptions and to dismiss the writ of error on such grounds should be denied in the absence of proof to support the motions.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Price & Watson* and *F. B. Carter,* for motion.

---

PER CURIAM.—This cause is presented upon motion to strike the bill of exceptions and to dismiss the writ of error.

The grounds of the motion to dismiss are, that the bill of exceptions was not made up in pursuance of assignment of errors presented to the judge; that an assignment of errors is not made a part of the bill of exceptions; that the transcript does not show service of the assignment of errors on the defendants in error; and that no service of the assignment of errors was made upon the defendant in error. The motion to strike is upon the grounds that the bill of exceptions was not made up in pursuance of assignment of errors presented to the judge, and that an assignment of errors was not made a part of the bill of exceptions.

The Special Rules for the preparation of bills of exceptions and transcripts of the record contain the following provisions: Special Rule 1. "In all civil causes every plaintiff in error at the time of presenting a bill of exceptions to the Judge of the Circuit Court to be made up and settled for the appellate court, * * * shall

present with such bill an assignment of errors specifically mentioning each point that he intends to present in and by such bill of exceptions as grounds for reversal, and such assignment of errors shall be the guide for making up the bill of exceptions, and shall be made a part thereof. A copy of such assignment of errors, * * * shall be served upon the defendant in error or his attorney." Special Rule 2. "It shall be the duty of the attorney for the plaintiff in error, when he applies to the Clerk for the transcript of the record in any civil cause, to file in the office of the Clerk of the Court whose judgment is to be reviewed a complete assignment of all errors that he intends to rely upon in the appellate court, * * * and a copy of such assignment of errors * * * shall be served on the defendant in error or his attorney within five days after it is filed with the clerk, * * * such assignment of errors shall be the guide by which the transcript of the record is to be made up. * * * The clerk shall include in such transcript * * * a copy of the assignment of errors. * * * Any failure or omission on the part of the plaintiff in error to file with the clerk the complete assignment of errors * * *, or serve the defendant in error or his attorney with copies thereof as herein provided, shall be cause for dismissal of the writ of error by the appellate court."

Rules of Court are adopted by the Supreme Court pursuant to legislative authority, and are intended to facilitate the administration of justice. They are binding upon the court as well as upon parties to proceedings in the court and their counsel. It is the duty of those who resort to the court, as well as of their counsel, to comply with the rules of court in any matter affecting the procedure in the courts; and it is specially the duty of plaintiffs in error and their counsel to see that bills of ex-

ceptions and transcripts of the record are properly prepared and presented for authentication in compliance with the rules of court.    See Section 1740, General Statutes; Merchants Nat. Bank of Jacksonville v. Grunthal, 39 Fla. 388, 22 South. Rep. 685; Florida Land Rock Phosphate Co. v. Anderson, 50 Fla. 501, 39 South. Rep. 392; Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656; Akin v. Morgan, 50 Fla. 173, 39 South. Rep. 534.

It appears by the transcript that the directions to the clerk for making up the transcript and the assignment of errors were filed on October 10th, 1908.    Both appear in the transcript as required by the rule.    The bill of exceptions was settled by the judge September 16th, 1908, and does not contain a copy of the assignment of errors as required by the rule.

In the case of Selph v. Cobb, 49 Fla. 228, 38 South. Rep. 259, it affirmatively appeared by the certificate of the judge that no assignment of errors was presented to the judge as required by the rule when the bill of exceptions was settled; and it was held that the rule had been violated and the bill of exceptions should be stricken; but in that case the writ of error was dismissed because the errors assigned were confined to the bill of exceptions.    It was also held that the judge should refuse to sign a bill of exceptions when no assignment or errors is presented with it.

In this case it does not affirmatively appear from the transcript that no assignment of errors was in fact presented to the judge with the bill of exceptions; and as the court should refuse to settle the bill of exceptions when no assignment of errors is presented therewith, it must be assumed, in the absence of an affirmative showing to the contrary, that an assignment of errors was

presented to the judge with the bill of exceptions, at least where as in this case no exception was taken to the settlement of the bill of exceptions on the ground that no assignment of errors had been presented as required by the rule.

The mere fact that the bill of exceptions duly authenticated contains no assignment of errors, is not conclusive that none was presented to the judge, even though the rule directs that the assignment of errors presented with the bill of exceptions shall be made a part thereof.

The rule does not require that the transcript shall show the service of a copy of the assignment of errors on the defendant in error, and the directions to the clerk in this case do not demand it.

The ground of the motion that no copy of the assignment of errors was served on the defendants in error is not self supporting and no evidence to sustain it is presented here.

There is nothing to show that the bill of exceptions was not made up in pursuance of an assignment of errors presented to the judge.

Grounds of motions are not self sustaining, and if based upon matters *dehors* the record, they should be supported by evidence *aliunde,* or they will fail.

The rule directs that the assignment of errors presented with the bill of exceptions shall be made a part thereof; but the mere failure to do so is not a sufficient ground for striking the bill of exceptions. Nor is it a ground for dismissing the writ of error, especially when as in this case the transcript contains an assignment of errors upon matters in the record proper as well as in the bill of exceptions.

As it does not affirmatively appear by the transcript that no assignment of errors was presented to the judge when he settled the bill of exceptions or that the defendants in error were not served with a copy of the assignment of errors filed with the clerk, the burden is upon the defendants in error to prove the grounds of the motion; and, having furnished no proofs, the motions are denied.

All concur, except Taylor, J., absent on account of illness.