No. 11,492.

BOARD OF COUNTY COMMISSIONERS OF ADAMS COUNTY, ET AL. *v.* HEATH, ET AL.

Decided May 3, 1926. Rehearing denied May 24, 1926.

Action in mandamus. Judgment for petitioner.

*Reversed.*

*On Application for Supersedeas.*

1. TAXES AND TAXATION—*Collection—Presumption.* The presumption is that taxes are collectible, and that men will perform their duty and pay their lawful taxes.

2. MANDAMUS—*Public Officials—Duties.* In an action in mandamus to compel the levy and collection of taxes for the payment of irrigation district bonds, the petitioner cannot lawfully compel the county officials to do their complete legal duty even although they have neglected to do it completely, if what they have done is sufficient to satisfy his legal demands.

3. *Injury.* To maintain mandamus for a private purpose, the petitioner must show injury.

4.  PARTIES—*Misjoinder—Officials.*  The delinquency of one officer in his duty cannot justify a mandate to another and innocent officer to perform a duty which he has not neglected, even though the law requires such duty to follow the performance of the delinquent officer of his duty.

5.  OFFICES AND OFFICERS—*Presumption.*  The presumption is that public officials will perform their duties.

6.  PARTIES—*Misjoinder—Waiver.*  Defendants by answering, waive all objections on their part to misjoinder of parties.

*On Rehearing.*

7.  APPEAL AND ERROR—*Immaterial Questions.*  The reviewing court will not consider questions which are not properly before the court, or which are inconsequential.

*Error to the District Court of Adams County, Hon. S. W. Johnson, Judge.*

Messrs. SMITH & BROCK, Mr. JOHN P. AKOLT, Mr. HARRY BEHM, for plaintiffs in error.

Mr. C. H. PIERCE, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

HEATH, petitioner below, obtained a peremptory mandamus against the county commissioners of Adams county, the directors of the North Denver Irrigation District and the assessor and treasurer of Adams county, requiring the levy and collection of certain taxes upon lands within the irrigation district to pay district bonds held by him.

For simplicity we shall refer to Heath alone as petitioner and defendant in error.  Both sides ask us to determine the case upon motion for supersedeas, full briefs having been filed.

The judgment must be reversed. The essential facts are as follows: (We give all amounts in round numbers.) $67,000 principal of the bonds of the district matured in 1925 and $25,000 of interest. Under C. L. 1921, § 1997, it was the duty of the directors of the district to certify to the county commissioners this amount as a basis for a levy of taxes to pay such bonds; the directors, however, certified, and the county commissioners levied but $58,000 principal and $22,000 interest. Taking his stand upon the illegality of this action, Heath brought his suit to compel the certification and levy of the whole amount. The court directed the certification and levy of but enough to pay Heath's bond (which was $1,500) with interest thereon. The alternative writ set forth the facts substantially as we have stated them; demurrers to it were overruled and the directors of the district and the county commissioners answered, setting up, in effect, that the levy had proved to be sufficient to pay all of the bonds except those of the petitioner and that there were enough outstanding and uncollected taxes of that levy to pay his bonds and interest in full.

We may here explain that this apparent impossibility has been achieved by the purchase by a committee of the outstanding bonds below par and the sale of them at a low price to the taxpayers of the district who used them wherewith to pay their taxes, which was permitted under the statute.

A demurrer to these answers was sustained. Some of the facts in the alternative writ were traversed by the answers, but the findings were all in favor of the petitioner upon those points, and the question here is whether the above facts alleged in the answer are a sufficient return to the alternative writ. We think they are.

The certificate and levy were below the legal requirement because not equal to the bonds and interest of 1925. Owing, however, to the manipulations of the com-

mittee who purchased and handled the bonds as above stated, they have proved to be sufficient to pay all the bonds but those here involved, and there are enough taxes uncollected to cover them. We must presume, though it is not alleged, that these taxes are collectible. The presumption is that men will perform their duty and pay their lawful taxes. If for any reason these taxes are not collectible that should be shown by replication or should otherwise be made to appear in the record. The petitioner cannot lawfully compel the district and county officers to do their complete legal duty even though they have neglected to do it completely, if what they have done is sufficient to satisfy the legal demands of the petitioner. In other words, to maintain mandamus for a private purpose the petitioner must show injury.

The case must be reversed with directions to discharge the writ, or, if petitioner desires, to take such proceedings as will properly raise and determine the issue whether these taxes are collectible to a sufficient amount to pay the bonds outstanding. The remainder of the questions which have been argued here, except those hereinafter discussed, we do not regard as properly before us and therefore we do not consider them.

One of the grounds of demurrer to the alternative writ was misjoinder of the parties, in that the assessor and treasurer, concerning whom no delinquency was alleged, were made parties and were included in the final order, being thereby directed to extend, give warrant for and collect the taxes thereby ordered. The assessor and the treasurer stood by their demurrer and therefore this question is properly before us. We think there was a misjoinder. We know of no rule whereby the delinquency of one officer in his duty can justify a mandate to another and innocent officer to perform a duty which he has not neglected even though the law requires such duty to follow the performance by the delinquent officer of his duty. The presumption is that the assessor and treasurer will pursue their duty and collect all taxes

that are levied; when they do not will be time enough to consider a mandamus against them. It follows too, that no cause of action was stated against them.

The judgment against the assessor and treasurer must be reversed with directions to dismiss the action against them. But this does not affect the case with reference to the district directors and the county commissioners, because they, having answered, have waived all objections on their part to the misjoinder.

The judgment is reversed with directions to proceed in accordance with this opinion.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.

### On Rehearing.

MR. JUSTICE DENISON.

Plaintiffs in error, moving for rehearing, say that we were in error in stating, using round numbers, that the levy was but $58,000 for principal and $22,000 for interest, but that it was of the full sum of $67,000 principal and $25,000 interest. They claim that this is admitted by demurrers but the abstract does not so show. In making that statement we followed the resolution of the board and the certificate of the directors of the district, which show that the levy was for $58,000, with fifteen per cent added, in accordance with the statute, C. L. 1921, § 1997, and for $22,000 interest with fifteen per cent added, instead of $25,000 interest, the amount of the levy in either case being exactly the same.

It is objected in the original brief of plaintiffs in error that the provision of the statute for the levy of the additional 15 per cent is unconstitutional; but since we are not ordering such a levy the question is not before us. If and when the levy already made is shown to be insufficient, the constitutional question will arise.

Plaintiffs in error also say that the committee mentioned in the opinion did not purchase the bonds in question but received them on deposit. This, also, is inconsequential.

It is also objected that we speak of the "manipulations" of this committee. We did not use that word in an invidious sense.

Rehearing denied, en banc.