## No. 12,152.

BOARD OF COUNTY COMMISSIONERS OF ADAMS COUNTY ET
AL. *v.* HEATH ET AL.

(286 Pac. 107)

Decided March 10, 1930.

Messrs. SMITH, BROCK, AKOLT & CAMPBELL, Mr. HARRY
BEHM, for plaintiffs in error.

Mr. C. R. SKINKER, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

WE hereinafter refer to defendants in error as plaintiffs, and to plaintiffs in error as the commissioners, the directors, and the trust company, respectively.

This cause is here for the second time. Our former opinion (*Commissioners v. Heath,* 79 Colo. 429, 246 Pac. 794) should be read in connection with this.

The district issued $673,000 of six per cent interest coupon bonds. Of those due in 1925 plaintiffs held four $500 bonds and one hundred and one $15 interest coupons, all of the total face value of $3,515. The commissioners, in making the levy in 1924 for the tax of 1925, did not increase the rate by 15 per cent of the bonds then maturing as it is said was their duty under section 1997, C. L. 1921. Before the full amount of tax collections could be determined plaintiffs brought this action in mandamus to compel that increase. Therein, in addition to the foregoing, they made the county assessor and county treasurer defendants. The answer alleged that of approximately 10,000 acres of land in the district some 450 only had not paid the 1925 tax, and that said tax, if collected, would take care of plaintiffs' claims. A demurrer thereto was sustained and decree entered commanding the additional levy. So the cause came here and was reversed. On remand the assessor and treasurer were dismissed, as ordered and plaintiffs replied that the 1924 levy had not and would not produce the revenue necessary to pay their claims. A general demurrer to that reply was overruled. The cause was tried to the court and decree entered directing a levy to pay plaintiffs' bonds and coupons, with interest, plus 15 per cent "to cover delinquencies," and minus certain sums then on hand and applicable to plaintiffs' demands. To review that judgment this writ is prosecuted.

Among the questions raised by the assignments are, the collectibility of the unpaid 1925 taxes, the correctness of the amounts found due plaintiffs, the constitutionality of said section 1997, as construed by the trial court, and the correctness of that construction. The last, only, requires consideration since if that construction was, as we conclude, erroneous, the other contentions are immaterial.

In construing our Irrigation District Act, as it relates to the question now before us, we held that taxes to pay warrants could not be pyramided so as eventually to compel those who paid to carry the burden of those who failed. *Interstate Trust Co. v. Montezuma Dist.*, 66 Colo. 219, 181 Pac. 123. Thereafter, in a case involving bonds and coupons instead of warrants, we held "the controlling element, the character of the tax, is the same in each case, hence the rule is the same." *Thomas v. Henrylyn Dist.*, 79 Colo. 636, 640, 247 Pac. 1059.

If this may not be done by adding to next year's levy the unpaid taxes of this, it cannot be done by collecting 15 per cent extra from those who pay this year to discharge the proportionate obligation of those who do not. If such a scheme is, as we have twice held, an unjust distribution of the burden and a violation of the general rule applicable to special taxes, we would not so construe a statute (assuming the power of the Legislature to pass it) if another construction were open. Not only is another open here, but we think the act itself bears clear internal evidence of a legislative intent consistent with our decisions in the cases above cited. Said section 1997 makes it the duty of the commissioners to fix the rate of levy necessary to meet the maintenance, operating, and current expenses for the ensuing year, and the rate necessary to pay interest and principal of maturing bonds and coupons, and the rate necessary "for any other purposes as in this act provided," and then directs that "the rate of levy necessary to raise the required amount of money on the assessed valuation of the property of said district shall be increased 15 per cent to cover delinquencies." If the rule we have laid down, supra, is the correct one, there can be no delinquencies to cover as to bonds and coupons. Moreover, the following section, No. 1998, permits a landowner to pay his taxes with bonds and coupons at par. If each landowner took advantage thereof each year, every bond and coupon would eventually be paid and yet 15 per cent of

the total tax levied to pay them would be still outstanding and a lien against all the lands in the district.

■ There may be delinquencies to cover as to maintenance, operating, current, and other expenses of the district, in order for operation to continue and to which each landowner must contribute, despite his payment of taxes in full, in order that any benefits may accrue to him. To these the 15 per cent clause of said section 1997 must be limited. Certainly the bondholder has no claims thereto.

The demurrer to the reply searched the record. It should have been sustained.

The judgment is reversed and the cause remanded with directions to dismiss it at plaintiffs' costs.