STATE OF FLORIDA, ex rel. GLOBE AND RUTGERS FIRE INSURANCE COMPANY, *Plaintiff in Error,* v. G. H. CORNELIUS, as Judge of the County Court in and for Hillsborough County, Florida, *Defendant in Error.*

En Banc.

Opinion filed July 26, 1930.

294

*Hampton & Bull,* for Plaintiff in Error.

*Jordan & Hill,* for Defendant in Error.

ANDREWS, Commissioner:

This case is here upon writ of error taken to a final order of the Circuit Court of Hillsborough County dis-

missing the proceedings after granting a motion to quash an alternative writ of mandamus theretofore granted and issued by said court requiring the county judge of said county to forthwith proceed to settle a certain bill of exceptions as of October 16, 1928, or show cause why he had failed to do so, in a case wherein Norman V. Peterson et al. were plaintiffs and the Globe and Rutgers Fire Insurance Company was defendant.

The alternative writ of mandamus as amended, sets forth that a verdict was rendered against the defendant, Globe and Rutgers Fire Insurance Company, and that within the time required by law, a motion for new trial was presented and at a hearing thereon held on August 17, 1928, the trial court disposed of said motion as follows:

"Motion denied this 17th day of August, 1928. Exception noted. Defendant allowed sixty days to settle bill of exceptions;"

that thereafter said defendant prepared and presented a proposed bill of exceptions to the judge of the trial court who endorsed the same as follows:

"Presented this 16th day of October, A. D. 1928. G. H. Cornelius, Judge;"

that said judge was unable to hear the same at the time, and thereafter, said defendant having ascertained when the settlement of said bill of exceptions could be heard, reasonable notice was served upon the opposite party and the application came on for hearing, whereupon on November 16, 1928, the same was denied and the trial court assigned the following reasons for refusing to settle and sign the bill of exceptions:

(1) Because said bill of exceptions was not presented for authentication and signature within the time allowed by said order ''after serving a copy of its assignment of errors together with reasonable notice of the application for settling'' same, and

(2) Because, the testimony not having been taken down by a reporter, the court ''has no recollection of the testimony set forth in said bill of exceptions;''

that petitioner was unable to locate or ascertain the names of any bystanders who were present in said court at the trial of said cause and upon information and belief that there were no bystanders present at the trial of said cause; that petitioner prepared bill of exceptions containing a true statement of the testimony which testimony was very brief, consisting of five typewritten pages and involving principally the refusal of the said court to file in evidence a registry return receipt giving notice of concellation of said policy of insurance and containing the testimony of two witnesses for plaintiff and one witness for defendant; that petitioner exhibited that portion of the testimony relating to the introduction of the said registry receipt, the ruling upon which was the sole error complained of, to the trial judge before incorporating said testimony into the bill of exceptions and said trial judge ''admitted said testimony was substantially correct.''

On January 10, 1929, the circuit judge entered an order sustaining the demurrer to and the motion to quash the alternative writ of mandamus and thereupon dismissed the proceeding at the costs of petitioner.

The demurrer in substance states: That it appears that parties plaintiff in the original suit are not parties to the mandamus proceeding; that it is shown by the writ as amended that it would require the county judge to exercise

his judicial discretion; that the bill of exceptions was not presented to the county judge for settling and authentication within the time allowed by the special order set forth in said writ; that the writ as amended does not show that a copy of the assignment of errors incorporated in said bill of exceptions with reasonable notice of the application for the settling of such bill of exceptions was served upon plaintiffs or their attorneys; and that petitioner has adequate remedy at law.

One of the issues raised by the demurrer is that the parties plaintiff to the original suit were not made parties to the mandamus proceedings. Assuming that the former plaintiffs should have been made parties to this suit, it could hardly be maintained that the substantial rights of said plaintiffs are not taken care of where it is shown that the motion to quash and the demurrer was presented and prevailed. "The writ must be served upon the individual or individuals who are required to perform the duty commanded." 38 C. J. 912, Sec. 664; 13 Ency. of Pleading and Practice 646; High's Extraordinary Legal Remedies (3rd Ed.), Sec. 446. The person or body whose duty it is to perform the act sought to be enforced by mandamus is a necessary party respondent; and persons who are not required by law to perform the act sought to be enforced are not necessary, although they may be proper parties. 38 C. J. 848, Sec. 554; 38 C. J. 910, Sec. 657. The duty was commanded of the trial court in the mandamus suit in this case and the plaintiffs in the former case are merely incidental.

Another ground of the demurrer questions the authority to require by mandamus the county judge to exercise his judicial discretion. While the writ will not issue to control a matter of juricial discretion or to require a judge to act in a particular way, yet where the discretion of a

court can be legally exercised in only one way, mandamus will lie to compel the court so to exercise it. 38 C. J. 608, Sec. 85; see also Crandall's Florida Common Law Practice 641-642; Ferris on Extraordinary Legal Remedies, p. 400 and 401.

"The power of compelling an inferior court of law to sign and seal a bill of exceptions is now freely exercised by the courts of law of last resort in this country, even in those states where a separate chancery system still prevails. And when the court of final resort of a state has a general superintendence over all inferior courts, and is bound to enforce obedience to the laws of the state and to compel subordinate courts to perform the duties legally incumbent upon them the granting of the writ to compel the signing or amending of bills of exceptions may be regarded as falling naturally and appropriately within the jurisdiction of such court." High's Extraordinary Legal Remedies, (3rd Ed.) Sec. 200, p. 207.

"As regards the mere act of signing and approving a bill of exceptions, it is held to be of a ministerial nature, and hence subject to control by mandamus, although a legal discretion is to be observed in determining the character of the particular bill to be signed. If, therefore, the court to which the writ is directed shows satisfactory reasons for not signing the bill presented, the peremptory writ will not go, but in the absence of any return showing such reasons, the peremtory mandamus will issue. And when it is shown that the court below has absolutely refused to sign a bill, and the relator avers that the matters therein contained are material to the determination of his rights

upon appeal, a proper case is presented for a mandamus to compel the signing of the bill.'' High's Extraordinary Legal Remedies, (3rd Ed.) Sec. 201, p. 209.

In the case of State v. Richards, 50 Fla. 284, 39 So. R. 152; it was held that a peremptory writ of mandamus will not be awarded unless the proceedings show a clear *prima facie* case, and that to make out a *prima facie* case the alternative writ should allege all the essential facts which show the duty and impose the legal obligation on the respondent to perform the acts demanded of him as well as the facts that entitle the relator to invoke the aid of the court in compelling the performance of such duty or obligation. See also State v. Crawford, 28 Fla. 441, 10 So. R. 118; 14 L. R. A. 253.

Another issue raised by the demurrer is that there is an adequate remedy at law. In this case there is no adequate remedy at law, because an appeal based on errors in rulings on admission of evidence cannot be considered by this Court unless presented by bill of exceptions properly authenticated and signed by the trial court. Ropes v. Snider Harris Co. 35 Fla. 537, 17 So. R. 651.

''The existing legal remedy relied upon as a bar to interference by mandamus must not only be an adequate remedy in the general sense of the term, but it must be specific and appropriate to the particular circumstances of the case.'' High's Extraordinary Legal Remedies, Sec. 17.

A judge may, without committing error, refuse to sign a bill of exceptions where the record and facts sustain his refusal without assigning any reason. In this case the judge chose to set forth reasons upon which he based his refusal, and such reasons may furnish a basis for consid-

eration as to whether or not there is shown an abuse of discretion.

The court exercises a judicial discretion when determining whether the proposed bill of exceptions contains the legal essentials necessary to a proper review of the ruling on which the assignments of errors are based; but where the bill of exceptions contains matters *in pais* which are "substantially correct," it becomes a ministerial act and duty, not necessarily involving the exercise of a judicial discretion, to approve and sign it. High's Extraordinary Legal Remedies (3d Ed.) Sec. 210. Also Sec. 24. Anderson v. Winter, 50 Fla. 177, 39 So. R. 31.

As to whether the bill of exceptions was "presented" within the sixty days allowed by the trial court, the record shows that the motion for new trial was heard and denied on August 17, 1928, and the defendant was allowed "sixty days" to "settle" bill of exceptions. The proposed bill of exceptions was "presented" to, and so marked by, the trial court on October 16, 1928. It was therefore "presented" within the sixty days, but, of course, was not, and under the circumstances alleged could not be, "settled" within sixty days. The trial court in using the words "to settle" bill of exceptions required something not contemplated in the rule, for obviously it may require as in this case many days after "presentation" for the court to finally dispose of the bill of exceptions, and the rule as a whole clearly contemplates such a situation.

In the case of Glasser v. Hackett, 37 Fla. 358, 20 So. R. 532, the Court on a similar issue said that "The bill of exceptions being presented in proper time, it was not essential that it should have been actually signed upon the day it was presented."

It may be stated here that the rules for making up, presenting and settling bills of exceptions in civil cases in county courts are the same as those governing the circuit courts.

Special Rule 1, which governs bills of exceptions in all civil cases, does not require that the proposed bill of exceptions may be presented only "after" serving on the opposing party a copy of the assignment of errors together with a reasonable notice of the application for settling such bill of exceptions. It does provide that the

"Plaintiff in error at the time of presenting a bill of exceptions to the * * * court to be made up and settled for the appellate court, * * * shall present with such bill an assignment of errors specifically mentioning each point that he intends to present in and by such bill of exceptions as grounds for reversal, and such assignment of errors shall be the *guide for making up* (Italics ours) the bill of exceptions, and shall be made a part thereof;"

and that

"A copy of such assignment of errors together with such notice of the application for the settling of such bill of exceptions as the * * * judge may deem reasonable, shall be served upon the defendant in error or his attorney; and no bill of exceptions shall be settled or signed after the trial of a cause unless the notice herein required has been given."

The above rule makes a distinction between the act of "presenting" the bill of exceptions and that of serving a copy thereof together with notice of the application for the "settling" of such bill of exceptions before the trial

judge. For the rule provides that no bill of exceptions shall be "settled or signed" unless the notice required has been given.

This Court has held that the mere fact that the bill of exceptions contains no assignment of errors is not conclusive that none was presented to the judge, even though Special Rule 1 directs that the assignment of errors presented with the bill of exceptions be made a part thereof. Palatine Ins. Co. v. Whitfield, 73 Fla. 716, 74 So. R. 869; Thomas Bros. v. Price & Watson, 56 Fla. 694, 48 So. R. 17.

Professor Crandall, in his able work on Florida Common Law Practice, says (page 769):

"The omission of these assignments from the bill of exceptions is not of itself ground for striking. The important question is, was it presented to the circuit judge *at the settlement* of the bill of exceptions?" (Italics ours.)

In the case of Bossom v. Gillman, 70 Fla. 310, 70 So. R. 364, it was held that if a proposed bill of exceptions is prepared and presented for authentication within the time allowed, it may afterwards be authenticated as of the date on which it was presented; and that the "notice of the application for the settling of such bill of exceptions," may be such "as the circuit judge may deem reasonable," and the notice may be given "after the time, has expired for presenting the bill of exceptions, if the bill was in fact presented within the time allowed." See also Glasser v. Hackett, *supra.*

In the case of Selph v. Cobb, 49 Fla. 228, 38 So. R. 259, it affirmatively appeared by the certificate of the judge that no assignment of errors was *presented* when the bill of exceptions was "settled"; and it was held that the judge should refuse to sign a bill of exceptions when no assign-

ment of errors is presented with it. In other words, the bill of exceptions should not be "settled and signed" in the absence of such assignment of errors. See Thomas Bros. Co. v. Price & Watson, *supra*.

The alternative writ of mandamus as amended alleges that the proposed bill of exceptions contained a true statement of the testimony produced at the trial and that petitioner

"Exhibited that portion of the testimony relating to the introduction of the said registry receipt to the said judge before incorporating the same in the bill of exceptions, who admitted said testimony was substantially correct."

A demurrer to an alternative writ of mandamus admits as true all such matters of fact as are sufficiently pleaded and all fair inferences or conclusions of fact not inconsistent with accompanying specific facts alleged; and in passing upon a demurrer only such matters as appear on the face of the writ are considered. Merchants Broom Co. v. Butler, 70 Fla. 397, 70 So. R. 383; State v. Jacksonville Terminal Co., 71 Fla. 295, 71 So. R. 474.

The demurrer to the alternative writ of mandamus in effect admitted the truth of the allegations that said testimony was substantially correct. But aside from the conflict as between the reasons given in the order of the trial court for refusing to sign the bill of exceptions, and that of the above allegations of the alternative writ, it is quite clear that the statute and the rules guarantee to the plaintiff in error his bill of exceptions in one or the other of the methods provided by law where there is a substantial compliance therewith.

The courts lean with favor towards the conclusion of litigation in accordance with the merits of the cause and

every aid should be accorded in the settlement of a bill of exceptions; and to refuse to sign a bill of exceptions for the reasons assigned by the court in this case would often amount to a denial of the right of appeal guaranteed by Section 4618, Comp. Gen. Laws of Florida, 1927, or the right to have "justice administered without denial" guaranteed by Section 4, Declaration of Rights.

Section 4616, Comp. Gen. Laws of Florida, 1927, provides that upon request the judge shall sign any bill of exceptions taken during the progress of the cause and tendered to him, "if said bill as tendered fairly states the truth of the matter and exceptions designed to be taken."

In the case of Williams v. Pitt, 38 Fla. 162, 20 So. R. 936, this Court, in construing the Act which is now Section 4616, Comp. Gen. Laws of Florida, 1927, said:

"It was not the intention or purpose of the Act to admit such bills as valid and effective, where the judge had refused to sign the same, except upon the signatures and certificates of persons who have knowledge of the matters recited therein, and will vouch for the truthfulness thereof."

The alternative writ of mandamus states that there were no bystanders at the trial of said cause who heard the testimony and who could sign said bill of exceptions as contemplated by the statute under such circumstances. In effect, the demurrer admits this allegation. While it may be impossible to produce bystanders to sign the bill of exceptions as provided by the statute, however where the rules are substantially complied with a party to the suit should not be deprived of his right to have his bill of exceptions authenticated.

It was held in the case of Dibble v. Truluck, 11 Fla. 135, that:

"If the parties cannot agree upon the facts and evidence to be contained and set out in a bill of exceptions, the matter should be referred to the judge."

This Court has also held that:

"It is the *exclusive province and duty* of the trial judges, in making up bills of exceptions for appellate proceedings, *to authoratively settle* all disputes as to the happenings *in pais* to be contained in such bill in a cause tried before them." Anderson v. Winer, 50 Fla. 177, 39 So. R. 31.

This Court, in an early case held that:

"In case of the circuit judge not remembering as to the admission of evidence about which there is doubt, means should be taken to ascertain the truth, if practicable, by examination of witness or other appropriate mode." Pearson v. Grice, 8 Fla. 214.

Section 4616, Compiled General Laws of Florida, 1927, and the rules above referred to contemplate that where the services of a court reporter are not required, or had, the bill of exceptions shall be made up from memoranda in writing containing the evidence taken in open court with exceptions to rulings of the court during progress of the trial.

Through legal procedure, like other sciences, may be supposed to advance with the needs for changes in its scope and application, it can scarcely be said that such a reputation is always maintained. There is sometimes expressed the feeling that "any case worth the trying is worth the preserving of the testimony." The suggestion if generally applied would unquestionably work an undue

hardship upon litigants of limited means. However, in these modern days when courts and counsel handle many times as much business in a given time than formerly, it becomes impracticable to properly preserve in a bill of exceptions the essential parts of the evidence with proper exceptions, by means of the court or counsel merely taking it down in memoranda or notes "during the progress of the trial."

Section 1 of Chapter 12019, Laws of 1927, (Section 4610 Comp. Gen. Laws of Florida, 1927) is a legislative attempt to relieve the situation. In fact the last sentence of that section provides:

"The parties may also agree as to the ultimate facts established by all or any part of the evidence."

This was evidently included to effect a more economical disposition as to cost, even though the evidence may have been taken down stenographically.

In accordance with the general rule the reviewing court on appeal or error in mandamus proceedings will indulge all reasonable presumptions in favor of the correctness of the ruling complained of, and the burden is on the appellant to show reversible error; otherwise only error apparent on the face of the record must be considered and corrected. 38 C. J. p. 948-949, Secs. 749 and 751.

The order of the Circuit Court sustaining the motion to quash the writ of mandamus and dismissing the proceedings should be reversed and the Judge of the County Court directed to proceed to settle and sign the proposed bill of exceptions covering the matters necessary for a review of the point alleged as error wherein the trial court refused to admit in evidence the said return registry receipt with the necessary accompanying testimony and rulings of the court thereon, which testimony, so the

alternative writ alleges, the trial judge admitted was "substantially correct."

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the order of the Circuit Court sustaining the motion to quash the writ of mandamus and dismissing the proceedings should be and the same is hereby reversed, and the Judge of the County Court directed to proceed to settle and sign the proposed bill of exceptions covering the matters necessary for a review of the point alleged as error wherein the trial court refused to admit in evidence the said return registry receipt with the necessary accompanying testimony and rulings of the court thereon, which testimony, so the alternative writ alleges, the trial judge admitted was "substantially correct."

TERRELL, C. J. and WHITFIELD, STRUM, BROWN and BUFORD, JJ., concur.

ELLIS, J., not participating.