CITY OF EAU GALLIE, LANSING GLEASON, as Mayor of said City of Eau Gallie, E. B. TAYLOR, E. A. M. STEWART, GEORGE W. GLEASON, JOE W. MATHERS, and J. M. LAW, as members of the City Council of said City of Eau Gallie, and S. K. WATTS, as City Clerk and Tax Collector of said City of Eau Gallie, v. STATE, *ex rel.* R. W. EVANS.

169 So. 730.
Opinion Filed September 14, 1936.
Rehearing Denied October 13, 1936.

*Erskine W. Landis* and *Hull, Landis & Whitehair,* for Plaintiffs in Error;

*Frank Evans* and *Evans & Glenn,* for Defendant in Error.

PER CURIAM.—An amended alternative writ of mandamus was issued by the Circuit Court against the City of Eau Gallie, a municipal corporation of Florida, and certain of

its officers. Respondents filed a motion for compulsory amendment, a motion for stay of proceedings, a demurrer, and a motion to quash the amended alternative writ. Each of the motions was denied and the demurrer overruled. The Respondents filed a return to the amended alternative writ and Relators filed a motion for peremptory writ of mandamus notwithstanding the return. A peremptory writ was ordered and a writ of error was taken by Respondents. The writ commands the making of a budget and the levying of a tax sufficient to pay Relator's claim.

The main contention of the Respondents is that the Treasurer-Comptroller of the City of Eau Gallie is a necessary party to the suit.

In State v. Cornelius, 100 Fla. 292, 129 So. 752, it was stated:

"Writ of mandamus should be served upon the individual who is required to perform the duty commanded. Persons who are not required by law to perform the act sought to be enforced are not necessary parties respondent in mandamus proceedings."

The duties of the Treasurer-Comptroller of the City of Eau Gallie are prescribed by statute. See Chapter 15,195, Laws of Florida, Acts of 1931.

Section 43 provides:

"It shall be the duty of the Treasurer-Comptroller to prepare a budget immediately after the equalization of the tax roll for the ensuing fiscal year in which he shall make an estimate of the necessary and ordinary expenses and of all special and extraordinary expenditures contemplated for the fiscal year ensuing and for which the revenue for the levy shortly to be made will be available. Such estimates shall set out every item of expenditures contemplated or reasonable to be anticipated during the year for which such

estimates are made, with as much particularity as is practicable, and shall designate the particular fund from which each item of expenditure shall be paid. The said estimate after being completed, shall be submitted to the City Council and be considered and acted upon and, as adopted in said estimate, shall be spread upon the minutes of the City Council. The estimates as adopted shall have the force and effect of fixed appropriations and the same shall not be altered or amended or exceeded, nor shall the expenses estimated under one head be paid out of the estimate of any other expense."

Section 44 provides:

"The Treasurer-Comptroller shall, as soon as the budget and tax roll for the ensuing fiscal year is approved, compute the millage necessary to be levied for the coming fiscal year and certify such amount to the City Council and the City Council shall thereupon levy such millage so certified to it.

Section 47 provides:

"No disbursement of any funds of the City of Eau Gallie shall be made except upon the warrants of the Treasurer-Comptroller, with the approval of the President of the City Council, in accordance with the budget estimates and only from the funds available for the purpose specified. The Treasurer-Comptroller shall pay interest on the bonded indebtedness of said City as it becomes due and shall pay maturing bonds of said City as they become due out of the funds available for such purpose. The Treasurer-Comptroller, upon the advice and recommendations of the City Council, is hereby authorized to use any funds of said City to purchase any bonds or interest coupons or other obligations of said City whether or not the same are at the time of such purchase matured or will become matured at some future date."

The performance of the duties provided by statute to be performed by the Treasurer-Comptroller, are essential to the making of a budget for approval by the Council, computing the millage to be levied by the Council, and the disbursement of any moneys, therefore the Treasurer-Comptroller should be made a party with appropriate allegations and commands.

In State v. Lehman, 100 Fla. 1313, 131 So. 533, it was said:

"Mandamus is the proper remedy to enforce the performance of a public duty required by statute."

The judgment awarding a peremptory writ of mandamus is reversed and the cause is remanded with directions to allow the relator to amend the allegations and commands of the alternative writ, so as to conform to this opinion. Whereupon a proper writ of mandamus may be issued.

Reversed with directions.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.