390 P.2d 273

STATE of New Mexico ex rel. STATE HIGH-WAY COMMISSION of New Mexico, Petitioner-Appellant,

v.

George R. QUESENBERRY, aka George R. Quesenberry, Trustee, et al., Defendants-Appellees.

No. 7336.

Supreme Court of New Mexico.

March 9, 1964.

Earl E. Hartley, Atty. Gen., Hadley Kelsey, Joseph L. Droege, John C. Worden, Oliver G. Ricketson, Neil C. Stillinger, George D. Sheldon, E. E. Chavez, Richard T. Whitley, Sp. Asst. Attys. Gen., Santa Fe, for appellant.

Garland & Martin, E. Forrest Sanders, W. A. Sutherland, T. K. Campbell, Las Cruces, for appellees.

CARMODY, Justice.

This is an appeal by the state from the issuance of a peremptory writ of mandamus requiring payment of a stipulated judgment entered in a condemnation proceeding. There is no appeal from the judgment itself, and reference is made to the former opinion denying a motion to dismiss, which states the circumstances of the appeal. (See State ex rel. State Highway Commission v. Quesenberry, 1963, 72 N.M. 291, 383 P.2d 255.)

Although stated by appellant as four separate points, there are really only two questions to be determined. Initially, appellant strongly urges that the district court of Dona Ana County had no jurisdiction to issue its writ of mandamus because of § 21–5–1(7), N.M.S.A.1953, which provides as follows:

"Seventh. Suits against any state officers as such shall be brought in the court of the county wherein their

offices are located, at the capital and not elsewhere."

The above provision is one providing for venue, and it is apparent that the legislature intended that actions against state officers be brought in Santa Fe County and not elsewhere. If the instant cause were a new or independent action, the provisions of the section would apply. However, we pointed out in State ex rel. State Highway Commission v. Quesenberry, supra, that the "[m]andamus, as issued in this case, was neither a prerogative writ nor a new suit, * * *." The instant proceeding is ancillary to the judgment entered on stipulation and is merely a substitute for the ordinary process of execution to enforce payment of a judgment. Section 21–5–1, N.M.S.A.1953, cannot be considered as a means of ousting a court of jurisdiction, once that jurisdiction has attached; and this is particularly true where the state commission originally sought the aid of the court in another county by seeking relief, such as here, in the condemnation of property. Therefore, the above quoted section is not controlling, and it was within the jurisdiction of the trial court to issue, in the primary case, its writ of mandamus against appellant, which had initially applied to that same court for relief.

Appellant next asserts that there was a lack of indispensable parties in the failure to join the Chief Highway Engineer, the Director of Finance and Administration, and the State Treasurer. The basis of this argument is the fact that the writ of mandamus required payment of the judgment by the Highway Commission, when in fact, under the statute, the Chief Highway Engineer is required to sign the voucher, the Director of Finance and Administration must issue the warrant, and the State Treasurer must pay the same. This particular problem has apparently not previously been passed upon by us and, under the briefs together with our independent research, it seems that there is a split in authority as to who must be named parties to a mandamus suit where ministerial duties must be carried out if payment is to be made. Of the cases cited by appellant, only State ex rel. R. R. Crow & Co. v. Copenhaver, 1947, 64 Wyo. 1, 184 P.2d 594, is in any sense comparable to the case before us and it is distinguishable. However, in addition, City of Eau Gallie v. State ex rel. Evans, 1936, 125 Fla. 277, 169 So. 730, and State ex rel. Valley Center Drain Dist. v. Board of County Com'rs of Big Horn County, Mont., 1935, 100 Mont. 581, 51 P.2d 635, are to the effect that the mandamus action must include those persons who have ministerial duties which must be carried out. However, these authorities are not persuasive, in our judgment. As applied to the circumstances here present, we believe the better rule to be that persons are not indispensable parties who have mere min-

isterial duties to carry out in paying a judgment, see Mosley v. Garrett, 1936, 182 Ga. 810, 187 S.E. 20, and Adams v. Town of Weston, 1935, 181 Ga. 503, 183 S.E. 69, although they may be proper parties, Town of Flagstaff v. Gomez, 1926, 29 Ariz. 481, 242 P. 1003. There should be no presumption, absent a showing to the contrary, that an officer who is to perform merely ministerial duties will refuse to act (see Middle States Utilities Co. v. City of Osceola, 1942, 231 Iowa 462, 1 N.W.2d 643; State ex rel. Decker, State ex rel. v. Yelle, 1937, 191 Wash. 397, 71 P.2d 379; People ex rel. Euziere v. Rice, 1934, 356 Ill. 373, 190 N.E. 681; State ex rel. Muskingum Watershed Conservatory Dist. v. Campbell, 1944, 143 Ohio St. 305, 54 N.E.2d 951). We will not assume that the Chief Highway Engineer, the Director of Finance and Administration, and the State Treasurer will refuse to perform the duties devolving upon them as state officers. Cf. Board of Com'rs of Adams County v. Heath, 1926, 79 Colo. 429, 246 P. 794. They are not indispensable parties in this action where mandamus is sought to enforce a valid decree of the district court.

■ Although some question is raised by the appellant respecting the trial court's action in joining as parties defendant, at the time of trial, without prior notice, the Chief Highway Engineer and the State Treasurer, we fail to see the merit in this contention. Section 22–12–7, N.M.S.A.1953, provides for the issuance of peremptory mandamus in the first instance, where it is apparent that no valid excuse can be given for failure to perform an act. Such is the situation here. The original judgment condemned the property and vested title in the state. A concomitant part thereof was the award of damages to the condemnees. No appeal having been taken, the judgment is final. In this situation, any refusal to act by the officers named would not be justified, because they would have no discretion but to comply with the judgment. The action of the district court in this respect was without error.

The judgment of the trial court will be affirmed. It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.